ABEL HUNT *vs.* ENOCH H. TIBBETTS.

Penobscot. Opinion September 16, 1879.

*Contract—construction of. Damages.*

The plaintiff and defendant being copartners, the latter on January 24, 1876, sold his interest to the former taking his notes for four thousand dollars payable at various times through a period of more than three years, and transferred the good will of the business to the plaintiff and agreed not to engage in it himself at B. for the term of ten years from date. "This last agreement" (repeating it) "to be binding on me (defendant) only in case the four thousand dollars which is the consideration hereof, is paid according to said H's agreement to pay the same and at the time agreed upon." Nearly three years thereafter, the plaintiff having paid at maturity all his notes except two which had not matured, brought this action for the violation of the defendant's agreement not to engage in the business: *Held*, that the payment of the whole four thousand dollars was not a condition precedent to its maintenance.

Also *held*, that for breach of such a stipulation damages which have accrued prior to the date of the writ only are recoverable; and that subsequent breaches may be the subject of future action.

ON REPORT.

ASSUMPSIT for damages sustained under a written agreement signed by the defendant dated January 24, 1876.

Writ dated September 17, 1878.    Plea, general issue.

In the plaintiff's writ, after setting out the contract, the allegations of breach are as follows : "but that the defendant unmindful of his agreement aforesaid to sell and transfer to said plaintiff his good-will in said business, and his obligations under said agreement, did from and ever since the execution of said agreement to this date injure and diminish the business of the place so sold by defendant to plaintiff by contriving maliciously, constantly, and by the circulation of falsehood and slander as to the plaintiff and his business, whereby plaintiff has been greatly injured in his said business.

And plaintiff further avers, that the defendant, unmindful of his agreement, made with said plaintiff, as aforesaid, not to engage in or become in any way interested in the retail coffin and casket business, in the city of Bangor, for the term of ten years from that date, has since been engaged and interested in the retail coffin and casket business in said Bangor, and is now so engaged and interested and that the business in which defendant is so interested is a very extensive one and has been and is now largely composed of trade and patronage which plaintiff was entitled to and would have enjoyed but for defendant's violation of his agreement aforesaid not to engage in said business.

By reason whereof plaintiff has been damaged in the loss of business, profits and credit in the sum of five thousand dollars."

The contract is as follows :

"I, Enoch H. Tibbetts, of Bangor, Penobscot county, Maine, in consideration of four thousand dollars, to me paid by Abel Hunt, of said Bangor, do hereby sell and transfer to said Hunt, all my right and interest in and to all the property and assets of the late firm of E. H. Tibbetts and Hunt, of whatever kind and description, excepting the debts due said copartnership to this date, said debts remaining the property of the parties composing said partnership.    And I further hereby sell and transfer to said Hunt, all my good-will in said business as carried on by said copartnership before its dissolution ; and further hereby agree that I will not

engage in or become in any way interested in the retail coffin and casket business, in the city of Bangor, for the term of ten years from this date. This last agreement, viz: not to engage in said business in said Bangor for ten years, to be binding on me only in case the four thousand dollars, which is the consideration hereof, is paid according to said Hunt's agreement to pay the same and at the time agreed upon for said payment.

[Signed.]                  E. H. TIBBETTS.

Bangor, January 24th, 1876."

And the court are asked to decide the following questions:

I. Can the plaintiff recover in the present action for damages sustained under the clause in the agreement that the defendant shall not enter into the same kind of business in Bangor for ten years?

II. If not, and the plaintiff prosecutes this suit for other damages, will the judgment in this case (favorable to either side) be a bar to another action for the kind of damages first named?

III. Any other points the court may see fit to notice in the elucidation of the case.

The plaintiff to have leave to become nonsuit or to go to trial, at his election, after the law has been determined.

*Humphreys & Appleton,* and *J. Varney,* for the plaintiff, cited *Hunlock* v. *Blacklowe,* 6 Petersd. Ab. 37. *Leonard* v. *Dyer,* 26 Conn. 172. *Clough* v. *Baker,* 48 N. H. 254. *Wallace* v. *Antrim Shov. Co.,* 44 N. H. 521. *Caldwell* v. *Blake,* 6 Gray, 402, *Cutter* v. *Powell,* 2 Smith's Lead Cas. 23, *et seq. Powers* v. *Ware,* 4 Pick. 106. *Pierce* v. *Woodard,* 6 Pick. 206.

*Wilson & Woodard,* for the defendant.

Where the language is clear and unambiguous, there is no room for construction, and nothing for construction to do. A court will not by construction defeat the express stipulations of a contract, 2 Pars. Cont. (5th ed.) 500, Ib. 494-5. *Parkhurst* v. *Smith,* Willes, 332. *Gibson* v. *Minot,* 1 H. Bl. 569, 614. *Parnell* v. *Mill,* 3 Man. Gr. & S. 625, 638.

Counsel also cited *Sewall* v. *Wilkins,* 14 Maine, 168. *Winslow* v. *Copeland,* 15 Maine, 276. *Simpson* v. *Peace,* 53 Maine, 497.

Bouv. Law Dict. tit. "Divisible," Chit. Contr. (11 Am. ed.) 1172. *Willard* v. *Spring*, 16 Johns. 121. *Smith* v. *Jones*, 15 Johns. 229. *Badger* v. *Titcomb*, 15 Pick. 409.

The contract is entire, the consideration single and entire, 2 Pars. Contr., 519, and cases *in notes*.

BARROWS, J. On the 24th of January, 1876, the defendant, by an instrument in writing, in consideration of four thousand dollars in negotiable notes, given by plaintiff to him payable at various dates, the last of the series not being due when this action came up for trial, sold and transferred to the plaintiff all his right and interest in and to all the property and assets of the late firm of E. H. Tibbetts & Hunt, excepting debts due, but expressly including and transferring "all my (his) good-will in said business, as carried on by said copartnership before its dissolution," and stipulated that he would not engage in or become in any way interested in that sort of business in Bangor "for the term of ten years from this date."

"This last agreement, viz: not to engage in said business in said Bangor for ten years to be binding on me only in case the four thousand dollars, which is the consideration hereof, is paid according to said Hunt's agreement to pay the same and at the time agreed upon for said payment." The plaintiff declares in a writ dated September 17, 1878, in assumpsit setting out the instrument according to its legal purport and effect, averring performance on his own part, and that defendant has broken his agreement as to the sale and transfer of the good-will of the business, and his agreement "not to engage in or become in any way interested in the retail coffin and casket business in the city of Bangor, for the term of ten years," from the date of the transfer.

The allegations of breach are somewhat loose and defective as to time and circumstance, (see Lawes on pleading in assumpsit, Story's Ed. 1811, pp. 208, 211,) but amendable; and though perhaps sufficient to sustain an action after verdict, we think they should be amended so as to obviate the danger of surprise to the defendant for want of greater particularity in the declaration as to the subject of complaint.

The first and principal question presented by the report is

whether the plaintiff can recover in the present action for damages sustained under the clause in the agreement that the defendant shall not enter into the same kind of business in Bangor for ten years.

It is well said in a note to *Cutter* v. *Powell,* in 2 Smith's Leading Cases, 6th Am. ed., 22, that "few questions are of so frequent occurrence, or of so much practical importance and at the same time so difficult to solve as those in which the dispute is whether an action can be brought by one who has entered into a special contract, part of which remains unperformed."

The defendant here contends that the punctual payment of the whole of the four thousand dollars at the times agreed upon for said payment is a condition precedent to the maintenance of an action by the plaintiff for any breach of defendant's contract in this respect.

The report shows that the plaintiff had paid without default on the days when they matured all his notes but the last one which is not yet due, one of them having fallen due and been paid since the commencement of this action. Thus far no breach of the contract can be attributed to the plaintiff. Is the language of the contract such that his remedy for a breach by the defendant must necessarily be postponed until he has made all the payments which he is bound to make?

The language is that of the defendant and is to be construed most strictly against him and favorable to the plaintiff.

The defendant in the outset as a part of the consideration of the plaintiff's notes payable on time, promises that he will not engage in the business for ten years from the date of the contract.

It is obvious that two of the matters which courts have been wont to deem important in determining whether the stipulations of parties are independent, or whether performance by one party is a condition precedent to the maintenance of his action for a breach on the part of the other—to wit: the order of time in which performance is to take place, and the fact that on each side the promises go only to a part of the consideration and a breach may be compensated in damages or the injured party otherwise have a perfect remedy, concur in the present case to incline us to

regard their mutual promises as independent, and to hold that each party should have his proper remedy for a breach by the other.

The defendant transferred his interest in the property of the firm and the good-will of the business and was to begin to perform his agreement (not to engage in the same business at Bangor for ten years) immediately.

When the action was commenced he had received and enjoyed a large part of the sum which was the consideration of his agreement not to compete with the plaintiff for the ten years succeeding the sale.

But for the peculiar form of the stipulation we should have no hesitation in saying that under the rules laid down by Sergeant Lawes in his valuable treatise on pleading in assumpsit, edition before cited, pp. 115, 119, neither of these parties could have counted on a full performance by the other as a condition precedent, but both must be left to their respective and mutual remedies in case of partial non-performance.

See the learned note (4) of Sergeant Williams, 1 Williams' Saunders, 320, *et seq.* See also the principle as stated in the note to *Cutter* v. *Powell,* 2 Smith's Leading Cases, 26, thus : "if the plaintiff's covenants which form the consideration be dependent, yet if part of the consideration have been accepted and enjoyed by the defendant, and the plaintiff have no other remedy than on the covenant, and the defect on his part be compensable by damages, the plaintiff may recover without alleging performance of the residue."

Defendant's counsel base an argument of no little force upon the peculiar language of the contract as hereinbefore quoted, claiming that it is too direct and explicit to leave any room for construction.

Yet if it is repugnant to the manifest intention of the parties as expressed in the contract as a whole, it must give way.

The remark of Tindal, C. J., in *Stevens* v. *Cushing,* 3 N. C. 355, (32 E. C. L. R. 153,) is appropriate and sound.

In that case defendant's promise was alleged to be made "on the performance of the before mentioned terms and conditions on

the part of the plaintiff." The defendants pleaded non-performance in divers important particulars and plaintiff demurred. And the chief justice remarks: "The rule has been established by a long series of decisions in modern times that the question whether covenants are to be held dependent or independent of each other is to be determined by the intention and meaning of the parties as it appears on the instrument and by the application of common sense to each particular case ; to which intention when once discovered, all technical forms of expression must give way." He does not overlook the fact that "the defendant's covenant is entered into with the plaintiff not simply in consideration of the plaintiff's covenants and agreements, but on the performance of the before mentioned terms and conditions on the part of the plaintiff." He admits that the argument as to the intention based on these words would undoubtedly be strong were the question *res integra;* but he cites *Boone* v. *Eyre,* 1 H. Black., 273, n, as the leading case on the subject, where the defendant covenanted to pay, "the plaintiff well and truly performing all and everything therein contained, on his part to be performed," yet full performance on the part of the plaintiff was not held to be a condition precedent. He says further that "the case of *Hunlocke* v. *Blacklowe,* 2 Wms.' Saunders, 156, is strong to show that courts of justice are more anxious to discover and to be governed by the intention of the parties than to follow the strict and technical forms of words used in the instrument." And he proceeds on the strength of the rule laid down by Lord Ellenborough, in *Richie* v. *Atkinson,* 10 East. 295, that "where the covenants go only to a part of the consideration, there a remedy lies on the covenant to recover damages for the breach of it, but it is not a condition precedent," to render judgment for the plaintiff, notwithstanding the significant words connected with the defendant's promise.

"Covenants and agreements," it is said in *Todd* v. *Summer,* 2 Grattan, 167, "are construed according to the intention of the parties and the good sense of the case. Though in form they may be dependent, yet to prevent injustice they may be treated as independent."

Cases abound both in England and America in which these rules are recognized as sound. *Kingston* v. *Preston,* recited in *Jones* v. *Buckley,* Douglas, 690. *Carpenter* v. *Cresswell,* 4 Bing., 409, (15 E. C. L. R., 22.) *Franklin* v. *Miller,* 4 Ad. & El., 599, (31 E. C. L. R., 148, 151.) *Foster* v. *Prudy,* 5 Met., 442, 444. *Knight* v. *N. E. Worsted Co.,* 2 Cush. 283, 286, and many other cases cited in the note to *Cutter* v. *Powell, ubi supra.*

What is the true import and effect of the language upon which the defendant here relies ?

It is fair to presume that each party entered into the contract with a design to fulfill his own agreement and an expectation that the other would fulfill his. The clause in question was introduced by way of security to the defendant, for prompt fulfillment on the part of the plaintiff. An early breach of defendant's agreement not to set up a rivalship in business would tend to deprive the plaintiff of the power to fulfill at all. It would be a practical withdrawal, to a greater or less extent, from the conveyance, of the good-will of the partnership business which had been transferred.

We cannot accept the interpretation now put upon it by defendant's counsel that it meant that defendant's stipulation was not then binding on him, and whether it ever would be depended on a contingency not yet determined. If so the term during which the defendant was not to engage in the business would have been set to commence, not from that date, but from the expiration of the credit given to the plaintiff.

On the contrary the defendant at that time doubtless intended to give the plaintiff a fair chance to pay his notes unembarrassed by any competition with himself and also to provide against the plaintiff's claiming any further exemption from such competition in case he did not pay promptly as agreed. It is as if he had said to the plaintiff, "I transfer the good-will of the business to you and I will not engage in it here for ten years from this date provided you make your payments promptly at the time fixed ; but if you fail to pay as agreed I will be no longer bound by that stipulation."

We think a construction which would permit the defendant, in violation of his promise to engage in the business, and thereby perhaps take from the plaintiff the means of fulfilling on his part is inadmissible. It could not have been the intention of the parties.

The plaintiff is entitled to the benefit of his punctual performance thus far. The defendant is bound up to the present time by his acceptance and enjoyment of a part of the consideration. His remedy for any possible future failure of the plaintiff's is complete not only by action but under the stipulation as we construe it. It would be unreasonable and unjust and inconsistent with the object of the provision itself and with the plain intention of the parties to suffer him to set it up to bar an action for his own breach of a substantial part of his agreement.

In a case like this damages are recoverable only up to the time of the commencement of the action. The defendant may have broken his contract only in a single transaction. He may have broken it for months or years. He may have ceased to break it at the commencement of this suit. He may cease to-morrow, and observe it faithfully for the remainder of the ten years. There is no basis upon which prospective damages can be assessed. Plaintiff can recover in this suit only for such damages as had accrued prior to the date of the writ. Subsequent breaches may be the subject of another action. Under the stipulation in the report,

*Case to stand for trial.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.