GEORGE BARRIE, Plaintiff in Error, v. EMIL F. SEIDEL,    30    559|
         Defendant in Error.                    96    616
                                       e96    617

St. Louis Court of Appeals, April 24, 1888.

CONTRACT, WHEN NOT DIVISIBLE—DAMAGES FOR VIOLATION.—Where the plaintiff contracted with the defendant to deliver a publication in ten successive parts, for which the defendant agreed to pay twenty dollars for each part, as delivered, and upon tender by the plaintiff of the first two parts, successively, the defendant refused to receive or pay for either, the plaintiff cannot so divide the contract as to recover the contract price of the parts refused, either upon a tender of the parts, or upon holding them subject to the defendant's order, And if there is no proof of actual damage sustained from the defendant's refusal, the plaintiff can recover only nominal damages.

APPEAL from the St. Louis Circuit Court, HON. SHEPARD BARCLAY, Judge.

*Affirmed.*

MILLS & FLITCRAFT, for the plaintiff in error: The vendor of personal property in a suit against the vendee for not taking and paying for the property has the choice ordinarily of one of three remedies : (1) He may store or retain the property for the vendee and sue him for the entire price ; (2) he may sell the property, acting as the agent, for this purpose, of the vendee, and recover the difference between the contract price and the price of re-sale ; (3) he may keep the property as his own and recover the difference between the market price at the time and place of delivery and the contract price. Corbin's Benj. on Sales, secs. 1164–65 ; *Dustan v. McAndrew*, 44 N. Y. 72 ; *Hayden v. Demetz*, 53 N. Y. 420 ; *Mason v. Decker*, 72 N. Y. 595 ; *Bement v. Smith*, 15 Wend. 493 ; *Ballentine v. Robinson*, 10 Wright [Pa.] 178 ; *Shawhan v. VanNest*, 25 O. St. 490 ; *Cook v. Brandeis*, 3 Met. [Ky.] 557 ; *Bell v. Offurt*, 10 Bush, 632 ; *Bagley v. Findlay*, 82 Ill. 524 ; *Bill Publishing Co. v. Smythe*, 27 Fed. Rep. 914. The vendee has no right to

the possession except upon payment of the contract price, and the vendor may recover the contract price after tender of the goods. The action is for damages for the contract price. *Hayden v. Demetz,* 53 N. Y. 430; *Mason v. Decker,* 72 N. Y. 598; *Goddard v. Binney,* 450 Mass.; *Shawhan v. VanNest,* 25 Ohio St. 490. Where parties decline to receive or pay for goods ordered, a refusal to receive a part is equivalent to a refusal to receive all, and excuses a tender of all. *Stumpff v. Mueller,* 17 Mo. App. 290; *Williams v. Evans,* 39 Mo. 204; *Sigerson v. Kahmann,* 39 Mo. 207.

CHARLES NAGEL, for the defendant in error: Defendant had a right to limit his liability under the contract by notifying plaintiff that he did not wish to have the work. *Collins v. Delaparte,* 115 Mass. 159; *Danforth v. Walker,* 37 Vt. 239; *Allen v. Jarvis,* 20 Conn. 38; Bishop on Contracts, secs. 837–41. Plaintiff's action is not for the price of goods delivered or completed and held for plaintiff, but it sounds in damages for defendant's breach of the entire contract; it seeks to recover what plaintiff has lost by defendant's refusal to take the work. Bliss on Code Plead., sec. 17; *Booge v. Railroad,* 33 Mo. 212; *Sandee v. Railroad,* 79 Mo. 278. And this is plaintiff's remedy in this case. *Rickey v. Tenbroeck,* 63 Mo. 567. Having failed to show actual damage, plaintiff is entitled to nominal damage only. *Hayes v. Delzell,* 21 Mo. App. 684.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace and taken by appeal to the circuit court, where, on a trial by the court without a jury, a verdict and judgment were rendered for the plaintiff for nominal damages, from which a writ of error was prosecuted by the plaintiff to this court.

The plaintiff's statement of his cause of action was as follows:

"Plaintiff, George Barrie, states that, on or about the thirty-first day of October, 1885, defendant entered

into a certain contract herewith filed, whereby the said defendant Seidel subscribed for one copy of Mr. Vanderbilt's House and Collection, Holland Edition, to be delivered to him in ten sections as issued, for which said Seidel agreed on delivery to pay twenty dollars for each section; that defendant refused to receive the first two parts as tendered and denied that a contract existed and refused to recognize or carry out in any manner his part of said contract; that plaintiff is ready and willing to fulfil his part of the contract and has been damaged by defendant's breach of contract in the sum of two hundred dollars, together with costs."

The contract thus described was as follows: "Mr. Vanderbilt's House and Collection. The conditions of subscription are: 1. That the work shall be equal to the sample shown, and in accordance with the tenor of prospectus. These conditions being fulfilled, a subscription cannot be cancelled except by mutual consent of the principals. 2. That, after the two editions and such duplicate impressions as are ordered by subscribers are printed, the plates will be destroyed, thus: The plates of the text will be melted. The drawings on the stone will be rubbed off. The intaglio plates will be scratched; this will render them utterly useless for duplicating purposes. 3. That duplicate impressions on satin, or otherwise, will be sold only to subscribers for one of the two editions. 4. That the scratched intaglio plates, prepared for framing, will be sold only to subscribers for one of the two editions. 5. That after the editions are printed, the publisher binds himself to furnish to subscribers on their request, affidavits of the destruction of the plates as herein stated. 6. The parts or sections are payable as delivered. 7. That no other conditions or representations than those herewith printed will be binding on either of the principals.

"GEORGE BARRIE, Publisher.

"Oct. 31, '85.

"Mr. George Barrie, Philadelphia:

"On above noted conditions, I subscribe for one

VOL. XXX—36

copy of Mr. Vanderbilt's House and Collection, Holland Edition, to be delivered to me in ten sections as issued, for which I will pay on delivery twenty dollars each.

"Emil F. Seidel."

The evidence tended to show that Mr. Seidel, after signing this contract, endeavored to procure the plaintiff to cancel it, which he refused to do ; that, prior to the institution of the suit, the plaintiff had tendered to the defendant two of the parts, which the defendant had refused to receive, claiming that he was not liable on the contract ; that, at the time when the suit was brought, the work had not been completed, and that all of the parts were not ready for delivery ; that one thousand subscribers had not been obtained, but that Mr. Barrie was ready to make the affidavit as to the destruction of the plates, etc., as required by the contract, whenever one thousand subscribers should be obtained. No evidence was tendered as to the difference between the market value of the goods and the price which the defendant had agreed to pay for them. The plaintiff produced all of the parts at the trial in the circuit court, and tendered them to the defendant, which tender was refused. The court refused a great number of instructions tendered by the plaintiff, gave instructions tendered by the defendant on the theory that nominal damages only could be recovered, no actual damage having been shown ; and gave judgment in favor of the plaintiff for one dollar and costs, on the theory that he was entitled to recover nominal damages only.

Against this conclusion counsel for the appellant now argue that one of the remedies of a vendor of goods when the vendee refuses to receive them, is to retain them in his possession, subject to the order of the vendee, and sue the vendee for the purchase price thereof. This seems to be the law ( *Dobbins v. Edwards*, 18 Mo. App. 308, 318, and cases cited ) ; but this action is not brought upon such a theory. At the time when this action was brought, the vendor had not completed the contract on his part, and might never complete it. The

vendee had denied his liability under the contract, but the vendor could not sustain an action against him for the entire purchase price, because he had not tendered and could not tender full performance on his part at the time of bringing suit. His action, as brought, was for damages for the partial breach of the contract which had actually taken place, namely, the refusal of the defendant to receive the two parts which had been tendered to him, which the defendant had agreed to receive and for which he had agreed to pay the sum of twenty dollars each, as delivered. The plaintiff's damage, even on his own theory, at the time of bringing suit, was but forty dollars ; but he could not recover even this, because the contract was an entire thing, and, although it was to be performed by delivery of the goods in instalments, yet the plaintiff could not for that reason split the contract up into as many different causes of action as there were parts of the publication to be delivered. The refusal to receive the two parts which were tendered was indeed a breach of the contract. But the plaintiff could not make such a breach the ground of recovering substantial damages, without showing that it had caused him loss, and without showing the extent of the loss. This his evidence wholly failed to do. Because the law presumes damage as an incident of the breach of a contract, he was indeed entitled to recover nominal damages, which would carry costs, and this was what the court gave him, and this was all that he was entitled to. In order to recover upon the theory upon which he bases his claim for recovery, he should have waited until he was prepared to tender a complete performance of the contract on his part—until all the parts of the publication were completed—and he should then have tendered them to the defendant, and if the defendant had refused the tender, it may well be that he could have brought an action for the purchase price, holding the goods subject to the order of the vendee.

All the judges concurring, the judgment of the circuit court is affirmed.