CHARLES J. MENGES, Appellant, v. MILTON
PIANO COMPANY, Respondent.

**St. Louis Court of Appeals, November 25, 1902.**

1. **Contract:** JUDGMENT: BREACH OF CONTRACT: CAUSE OF
ACTION: PRACTICE, TRIAL. A judgment for plaintiff in an
action for breach of contract giving plaintiff the exclusive agency
for the sale of defendant's pianos in designated cities, and contain-
ing a stipulation that defendant would pay a fixed sum for each
breach thereof by it, is not a bar to a subsequent action for breaches
committed after the commencement of the former action.

2. ———: ———: ———: ———. In the case at bar, the sale of
pianos by the defendant to customers in plaintiff's territory was
not a total breach of the contract entitling plaintiff to put an end
to the covenant and recover damages as for a total breach, but was
a continuing breach of the negative covenant in the contract not to
make such sales and for each sale made in violation of this covenant
a new cause of action arose and a new injury was inflicted for
which a new action might be brought.

Appeal from St. Louis City Circuit Court.—*Hon.
Selden P. Spencer,* Judge.

REVERSED AND REMANDED.

*Christian F. Schneider* and *Kurt Von Reppert* for
appellant.

(1) A judgment for damages for breaches of a
contract occurring prior to the filing of such suit is not
a bar to another suit for damages for breaches of said
(same) contract occurring after the filing of the first
suit and not included in said judgment, where the dam-
ages sought to be recovered are damages for separate
and distinct breaches of a continuous contract of un-
certain duration, divisible and apportionable in its
nature and not for a total breach or termination of
such contract. The case at bar is such a suit. Priest

v. Deaver, 22 Mo. App. 276: 8 Am. and Eng. Ency. of Law, p. 548, par. 2; also p. 608; also p. 610, p. 682; note 1, p. 683. 21 Am. and Eng. Ency. of Law, p. 208, 214 and 215; Badger v. Titcomb, 15 Pick 409; Bassler v. Nichols, 8 Ind. 260.

*Lee W. Grant* and *P. B. Kennedy* for respondent.

Whatever may have been the law in other States, it was said in an early case: "It is now well settled that a judgment concludes the rights of the parties in respect to the cause of action stated on the pleadings on which it was rendered, whether it includes the whole or only a part of the demand sued on, upon the ground that an entire claim arising either upon contract or tort can not be split up into several actions." Union etc., Co. v. Trabue, 59 Mo. 355; Och v. Railway, 130 Mo. 27.

BLAND, P. J.—We adopt the following statement of the case made by respondent:

"On the twenty-fourth day of October, 1900, appellant brought an action in the St. Louis Circuit Court for damages against respondent on account of a breach of contract entered into between the parties on July 6, 1898 (said breach consisted of the selling of pianos to persons, other than plaintiff, by defendant), the essential parts of which contract are the following clauses:

" 'The said Charles Menges shall have the sole and exclusive sale and agency for the said Milton piano or any piano sold or manufactured by said Milton Piano Company in and for the city of St. Louis, in the State of Missouri, and the city of East St. Louis, State of Illinois, for so long a period as the said Menges shall buy or sell for said Milton Piano Company not less than fifteen pianos per year. Each year to begin on the first day of June of each year and terminate on the first day of June following.

" 'Said piano company in consideration of the

premises does further agree and stipulate and does hereby bind itself and its successors to pay to said Charles Menges the sum of $100 for each and every breach of the above contract that may be caused or made by the said Milton Piano Company, its officers, agents or servants.'

"This case was tried and there was a verdict on November 1, 1901, in favor of plaintiff for $1,400. Judgment was entered on this verdict, less a counter-claim which need not be considered.

"On the fifteenth day of May, 1901, appellant brought the present suit, which is an action for damages upon the same contract, but for damages accruing from the date of the bringing of the first suit to the time of the bringing of the second suit. Respondent pleaded a defense on the merits and also pleaded the pendency of the first suit in bar of the present action. The reply admitted the pendency of the first suit and alleged that it was for prior breaches of the same contract. At the trial of this action appellant offered in evidence the contract in controversy forming the basis of both suits. Thereupon, defendant objected to the introduction of the contract in evidence, on the ground that it was admitted by the pleadings that a prior suit had been brought for breach of said contract by the plaintiff against this defendant, also on the ground that a judgment had been rendered in said former suit. It was admitted by plaintiff that the contract offered in evidence is the contract referred to in the pleadings in this case, and that a judgment had been rendered in the prior case referred to in the pleadings.

"The pleadings and judgment in the first case were also offered in evidence by defendant. The court sustained the objection. Plaintiff offered no further evidence except to ask Mr. Menges, the plaintiff, whether at the time he brought the first suit he knew how many pianos had been sold either in the city of St. Louis or in East St. Louis. Defendant objected also to that question, which objection was sustained. There being no

further evidence offered, judgment was rendered in favor of defendant.''

Plaintiff appealed. From the judgment rendered on November 1, 1901, mentioned in the statement, defendant appealed to this court where, at the March term, 1902, it was affirmed, this court holding that the $100 agreed to be paid by the piano company for each breach of the contract was liquidated damages and not a penalty.

Under the contract sued on, no one but Menges may sell. (in St. Louis or East St. Louis) the Milton Piano Company's pianos, or any other piano sold or manufactured by the Milton Piano Company the contract to continue so long as Menges shall buy fifteen pianos of the company, or sell that number within his territory (St. Louis and East St. Louis) during each year, the year to be reckoned from June first to June first, of the following year. For every breach of the contract caused or made by the Milton Piano Company, it agreed to pay Menges $100 as stipulated damages (as the contract was construed by this court.) From the very nature of the contract it is apparent there may be repeated and successive breaches of it committed by the defendant. It provides for more than one breach by stipulating that for each breach the defendant would pay Menges $100.

The question in the case is whether or not plaintiff, having recovered damages for several breaches of the contract made by defendant, may sue to recover damages for other breaches committed during the life of the contract, but committed after the commencement of the first suit; or, in other words, is one judgment for a breach of the contract a bar to another suit for breaches made after the commencement of the suit in which the judgment was rendered?

In Union R. R. & Transportation Co. v. Traube, 59 Mo. l. c. 362, it is said: ''It is now well settled that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered, whether it includes the whole

or only part of the demand sued on, upon the ground that an entire claim, arising either upon a contract or wrong, can not be split up into several actions.'' See also Och v. M., K. & T. R'y Co., 130 Mo. 1. c. 49; Savings Bank v. Tracey, 141 Mo. 252.

Apt illustrations of the rule are found in Taylor v. Heitz, 87 Mo. 660, where the facts were that the defendant conveyed to plaintiff land by deed containing a covenant against incumbrances. There was an outstanding lease made by the grantor which had about four years to run. The grantee brought suit and recovered damages for breach of the covenant. Afterwards at the expiration of the lease, the grantee having died, his administrator brought a second suit for the breach of the covenant for the value of rents which had accrued after the bringing of the first suit; *held,* that the cause of action on the covenant was entire and indivisible, and that the second suit could not be maintained.

In Soursin v. Salorgne, 14 Mo. App. 486, the facts were that defendant, on March 3, 1882, hired plaintiff, a skilled mechanic, for a period of five years at a wage of $35 per week. On October 21, 1882, defendant wrongfully discharged plaintiff. On the ninth of November, 1882, plaintiff sued defendant for two weeks wages following October twenty-first, when he was discharged, and recovered judgment for $70. Afterwards he sued for his services for the week ending October 28, 1882, and for every week thereafter up to May 12, 1893. It is said, ''A servant unlawfully discharged, may treat the contract as rescinded and sue on a *quantum meruit* for services actually rendered, or he may bring his action for damages for breach of contract. He may wait to do this until the term is ended, and recover his actual damages, or he may sue at once and recover his  probable damages from the breach. But when he has elected his remedy and pursued it, a judgment in one action will be a bar to a further suit.''

In Skeen v. The Springfield Engine & Thresher Co., 42 Mo. App. (K. C.) 158, the facts were, ''Plaintiff

bought an engine and gave four notes therefor, and subsequently returned the engine, rescinded the sale and demanded the notes, which were refused. Afterwards, plaintiff was compelled at the suit of an innocent holder to pay the first and fourth of said notes, and thereupon sued the defendant and recovered the amount so paid. Thereafter plaintiff brought this action to recover the amount paid on the second and third of said notes. *Held,* that defendants' refusal to deliver the notes, on plaintiff's rescission of the sale and demand of them, constituted a conversion of the notes, and plaintiff's right of action then accrued for the entire damages for the conversion of the four notes, and that he could not split it into several actions; and his suit and judgment for damages for the conversion of the first and fourth notes was a bar to this action for damages for the conversion of the second and third.''

In Koenig v. Morrison, 44 Mo. App. 411, it was held, ''An entire claim can not be split up and made the subject of several suits; the form of action pursued is immaterial. In this case a contract for the erection of buildings provided that, if on the completion of the building, payment of the amount due to the contractor should not be made within ten days after demand therefor, then, in case of the resort to legal process for the collection thereof, the court trying the cause should allow the contractor a reasonable attorney's fee. The contractor, upon the completion of the buildings, sued for and recovered the amount due him in an action of *quantum valebat.* Held, that he could not recover his counsel fees in a subsequent action.''

In Kerr v. Simmons, 9 Mo. App. 376, it was held that, ''A failure to surrender leased premises at the expiration of the term is a breach of the covenant; and a recovery of double rent, under the terms of the lease, for holding over one month is a bar to a recovery, under the same covenant, for a second month.''

In Barrie v. Seidel, 30 Mo. App. 559, where it was held that, ''Where the plaintiff contracted with the defendant to deliver a publication in ten successive parts,

for which the defendant agreed to pay twenty dollars for each part, as delivered, and upon tender by the plaintiff of the first two parts, successively, the defendant refused to receive or pay for either, the plaintiff can not so divide the contract as to recover the contract price of the parts refused, either upon a tender of the parts, or upon holding them subject to the defendant's order. And if there is no proof of actual damage sustained from the defendant's refusal, the plaintiff can recover only nominal damages.''

It will be observed in the cases of Taylor v. Heitz, Koenig v. Morrison, Kerr v. Simmons, and Barrie v. Seidel, supra, that while the damages were severable or accumulative, there was a total breach of the contract and in the case of Skeen v. The Springfield Engine & Thresher Co., supra, that all the notes were wrongfully converted before the commencement of the first suit, of which the plaintiff had knowledge.

It is insisted by respondent that the case at bar is analogous with the Soursin case, which recognized and adopted the doctrine that a servant wrongfully discharged by the master can not, by successive suits, recover installments of wages under the contract on the theory of constructive service and that one recovery for such service should be regarded as damages for the breach of the entire contract, and is opposed to the ancient English rule to the contrary and the cases of McMullan v. Dickinson Co., 60 Minn. 156; Isaacs v. Davies, 68 Ga. 169; Armfield v. Nash et al., 31 Miss. 361; Liddel v. Chidester, 84 Ala. 508. The English rule has long since been abandoned and the Soursin case is supported by the great weight of American cases as will be seen by consulting Howard v. Daly, 61 N. Y. 362; Olmstead v. Bach and Myers, 78 Mo. 132; James v. Allen County, 44 Ohio St. 226; Richardson v. The Eagle Machine Works, 78 Ind. 422; Parry v. American Opera Co., 19 Abb. N. C. 269; Jones v. Dunton, 7 Ill. App. 580; Booge v. Pacific Railroad, 33 Mo. 212; Bennett v. St. Louis Car Roofing Co., 23 Mo. App. (St. L.) 587. And while we think the case is

sound on principle and abundantly supported by authority, we do not think it is analogous to the case at bar. The contract of hiring had not only been breached but it had been wholly terminated by the wrongful discharge of Soursin.

The contract in the case under consideration; according to the pleadings, had not been terminated when this suit was brought and the suit is not for a breach of the contract by discharging the plaintiff from his employment, but is for breaches committed by the defendant by wrongfully taking away from him the sales of pianos which it is presumed he would have made had not the defendant, in violation of the contract, stepped in ahead of him and made them itself, thereby depriving him of the profits of such sales. It seems to us that the facts are more analogous to the case of Priest v. Deaver, 22 Mo. App. (St. L.) 276, where it was held that where an incumbrance is a judgment charging an annuity (payable to a widow during her lifetime) on the land, a new right of action accrues to the covenantee, on the covenant against incumbrances, upon the payment by him of each installment of the annuity.

After stating the rule against splitting demands, the Kansas City Court of Appeals, in Alkire Grocer Co. v. Tagart, 60 Mo. App. 389, said: "Several claims payable at different times, arising out of the same transaction, become separate causes of action as each liability accrues, but if no action is brought until more than one is due, all due must be included in the one action. . . . The distinction between entire demands and distinct demands is that the former arises out of one and the same act, and the latter out of different acts."

While the covenant or agreement in the contract sued on is one, the breaches may be many and may be repeated from day to day for the whole life of the contract. The acts constituting the breaches sued for were all committed after the commencement of the first suit and could not have been included in it. Sutherland,

in his work on damages, states the distinction as follows: "The true distinction between demands or rights of action which are single and entire, and those which are several and distinct, is that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts." 1 Sutherland on Damages, p. 228. On a succeeding page the same authority says: "Where the contract is indefinite as to time and negative in its character, successive actions may be brought for its violation."

Where there has been a total breach of a continuing contract, there can be but one recovery of damages. What will constitute a total breach, such as would authorize the plaintiff to put an end to the contract and sue for damages, depends always upon the facts of each case. Remelee v. Hall, 76 Am. Dec. 140. Contracts not to engage in a particular business have been held as susceptible of successive breaches. Hunt v. Tibbetts, 70 Me. 221; Just v. Greve, 13 Ill. App. 302.

In Phelps v. New Haven, etc., Co., 43 Conn. 453, it was held that where a railroad company had agreed to keep in repair certain cattle-passes under its track for the benefit of the owner of the land, the obligation was continuing and where it was continually broken, new actions for new injuries might be constantly brought.

In Breach v. Crain, 2 N. Y. 86, it was held that where plaintiff granted to defendant a right of way over his land and covenanted to erect a gate at the termination, defendant covenanting in the same instrument to make the necessary repairs to the gate, and plaintiff erected the gate, which was removed by some unknown person, held, that defendant was bound to repair the gate; that the covenant was continuing and that successive suits might be brought for failure of the defendant to keep the gate in repair.

The principle is too well settled to need citation of authorities in support that a judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered; as a

result of this rule the former action is a bar to any subsequent action on the same cause of action.

There may be several distinct and separate items of damages arising out of the breach of a contract, but if the breach is a total one it puts an end to the contract and there can be but one recovery by the plaintiff whether or not he had included all the items of damages in his suit. The sale of pianos by the defendant to customers in plaintiff's territory was not a total breach of the contract entitling plaintiff to put an end to the covenant and recover damages as for a total breach, but was a continuing breach of the negative covenant in the contract not to make such sales and for each sale made in violation of this covenant a new cause of action arose and a new injury was inflicted for which a new action might be brought. Phelps v. New Haven, etc., Co., Hunt v. Tibbetts, supra; 1 Sutherland on Damages, p. 229.

We conclude that the learned trial court erred in holding that the former judgment was a bar to the action and reverse the judgment and remand the cause. *Barclay* and *Goode, JJ.,* concur.