CHARLES P. BOOGE, Appellant, v. THE PACIFIC RAILROAD, Respondent.

*Contract—Former judgment.*—If a servant or agent wrongfully dismissed from service elect to sue for the breach, before the termination of the period for which he was hired, and recovers, such recovery will be a bar to any subsequent action upon the same contract.

*Appeal from St. Louis Court of Common Pleas.*

*James C. Moody*, for appellant.

I. The only question raised by the record is this: Did the former recovery by plaintiff of his wages for July and August bar this action? In other words, was the contract so entire a thing that plaintiff could bring separate suit for his wages at the end of each month, or would a recovery of one month's pay bar any other suit?

II. The breach of contract by defendant was the failure at the end of each month to pay plaintiff his wages, and he could have sued for each month at its expiration. Defendant's refusal to let him work was no breach of the contract for which he could sue. It was no injury to him. The breach was the non-payment of his wages, and each failure to pay was a separate breach, which gave plaintiff a right of action. Occurring, as these several breaches do, at different periods of time, plaintiff had a right to sue on each as it occurred, and any former recovery for a different breach would have been no bar. I can see no difference in principle between this and a contract for monthly rent. A tenant for a year under a written lease at $125 per month, payable monthly, quits at the end of the first month, and pays his

rent for that month. The premises stand idle for the rest of the year. If the ruling of the court below is correct, the landlord cannot sue him until the end of the year; or, if he does, and recover the second month's rent, that will bar any action for the other ten months' rent after the year has expired.

III. The instruction given by the court was erroneous; the one asked for by the plaintiff ought to have been given, and the finding and judgment of the court ought to have been for plaintiff for $375. The judgment ought therefore to be reversed.

*Whittelsey*, for respondent.

I. Plaintiff can have but one action for the same breach of contract, and in that suit he can recover all the damages to which he is entitled up to the day of trial.

The whole doctrine in relation to causes of action arising from breach of contract will be found condensed in the case of Cutter v. Powell, 2 Smith's L. C. 17, 36, Am. ed. 1852, and notes; p. 36, discusses the English cases for discharge from service; and see pp. 40, 41, Am. N.; 15 Mo. 175; Dare v. Pacific R. R. 31 Mo. 480; Pond v. Wyman, 15 Mo. 175; Ream v. Watkins, 27 Mo. 516.

The principle laid down seems to be this: that if plaintiff sues for breach of contract for services before the time of service expired, he is limited to the damage sustained up to the time of trial, although one or two cases in England have allowed the plaintiff to recover damages as if he had served the whole time.

Plaintiff claims that he may sue for damages and divide his cause of action in the same manner as if he had actually served month by month.

II. The former judgment for the same cause of action is a bar to the present action.

For effect and character of a judgment as a bar, see Doe v. Oliver et al., 2 Smith's L. C., Am. ed. 503, 572, 574; Mc-Knight v. Taylor, 1 Mo. 282; Edgell v. Sigerson, 26 Mo. 583.

III. The plaintiff is really splitting up his demand, and bringing several suits for the same cause of action, which is erroneous.   (Wagner v. Jacoby, 26 Mo. 532.)

BAY, Judge, delivered the opinion of the court.

This is a suit upon a contract for hire.   The petition states that on the 15th of March, 1858, the defendant employed the plaintiff as a runner or solicitor for freight and passengers from that time until the close of navigation on the Missouri river, at the price of $125 per month, payable monthly ; that on that day plaintiff entered upon such service and continued to serve defendant in that capacity until the 19th of June following, when defendant, without cause, discharged him, and refused to permit him to perform said contract, which he was at all times willing and ready to do, and offered to do. The petition further states that the navigation on the Missouri river did not close until December, 1858, and that there is due and owing him $375 for his wages under said contract for the months of September, October and November.

The answer of defendant admits the employment, and at the price stated, but denies that it was for any stipulated period of time, but only for such time as defendant might require his services ; and that defendant had fully paid him for his services up to the time of his discharge.

Defendant sets up as a further defence a former recovery for a breach of the same contract.

The cause was tried by the court sitting as a jury, and upon the trial evidence was introduced tending to prove the contract, as stated in the petition, and that navigation on the Missouri river did not close until after the 1st of December, 1858.

The defendant read in evidence the record and proceedings in a former suit between the same parties and in the same court, instituted on the 22d September, 1858, for a breach of this identical contract, and in which plaintiff obtained judgment for the sum of $250, which defendant afterwards paid.   The petition in this suit is almost a literal copy of the petition in that, with this exception, that in the first

suit plaintiff claims as damages the wages due him for the time intervening between the 1st of July and the 1st of September, 1858, while in this he seeks to recover for the months of September, October and November.

The plaintiff asked the following instruction, which was refused:

"If the defendant employed the plaintiff in March, 1858, to serve it at $125 per month, payable monthly, from that date until the close of navigation on the Missouri river, and plaintiff served according to his contract up to June 19th, 1858, when defendant discharged him, and if such navigation did not close until after December 1st, 1858, and plaintiff was willing and ready, and offered to serve defendant as aforesaid up to December 1st, 1858, then said plaintiff has a right to recover his said pay for the whole time up to December 1st, 1858, and the fact that he has before sued defendant and recovered $250 for his wages for the months of July and August, 1858, is no bar to this action."

The court thereupon declared that upon the facts the plaintiff was not entitled to recover.

In due time the plaintiff filed his motion for a new trial, which being overruled, he appeals to this court.

The only question for our consideration is whether the recovery in the first suit is a bar to the present action.

It is contended by the appellant that inasmuch as the contract calls for monthly payments, he has a right to institute suit for his wages at the end of each and every month, and that a recovery for one month's services is no bar to a suit for services for a subsequent month.

As an abstract proposition this is undoubtedly true, but it is not perceived how it can be made applicable to a case of this kind, for this is not a suit for work and labor or services performed, but for the breach of a contract, which breach consists in wrongfully dismissing the plaintiff before the termination of the period for which he was employed, thereby preventing him from performing his part of the contract. A servant or agent wrongfully dismissed may immediately bring

his action for a breach of the contract in dismissing him; or he may wait till the end of the term for which he was hired, and then sue for his entire wages, and in many cases it has been contended that he may treat the contract as rescinded and sue on a *quantum meruit* for the work actually performed. (Cutter v. Powell, 2 Smith's Leading Cases, 36.) But he must make his election, and if he elects to sue for the breach before the termination of the period for which he was hired and recovers, such recovery will be a bar to any subsequent action upon the same contract. In the case at bar the plaintiff elected to sue for a breach of the contract, and brought his action on the 22d of September, 1858, and recovered the sum of $250; and although this was claimed as wages due him from July 1st to September 1st, still it can only be regarded as damages for the breach of the contract in wrongfully discharging him; (Smith on Master and Servant, 97; 1 Parsons on Contracts, 527, note *v.*;) for it is admitted and averred in the petition that he performed no service for the defendant after the 19th day of June, the day he was discharged, and he had been fully paid up to that time. It was only upon the assumption that the contract had been violated on the part of the defendant that enabled him to recover at all for mere constructive service.

In this view of the case, the recovery in the first suit is a bar to the present action, and the court properly refused the instruction asked by the plaintiff.

The judgment will be affirmed.