Antoine Soursin, Appellant, *v.* Theodore Salorgne, Respondent.

December 18, 1883.

1. Master and Servant — Contract of Hiring — Bar to Actions. — A recovery by a servant for a breach of a contract of hiring, in an action brought before the termination of the period for which he was hired, is a bar to a subsequent action for a breach of the same contract.

2. —— DAMAGES. — In an action so brought after a wrongful discharge of the servant, the recovery is for damages and not for wages for constructive service.

3. —— A servant can not, after his discharge, treat the contract as still subsisting, remain in voluntary idleness, and recover for constructive service.

APPEAL from the St. Louis Circuit Court, LUBKE, J
*Affirmed.*

KRUM & JONAS, for the appellant.

DYER, LEE & ELLIS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun on the 18th of May, 1883.

Plaintiff alleges in his petition that he is a mechanic, skilled in the manufacturing and repairing of carriages, and that defendant was a carriage-maker, and on the 3d of March, 1882, engaged plaintiff as foreman and superintendent for a period of five years, at the rate of $35 a week, payable weekly; that plaintiff entered the service of the defendant under this agreement, and with proper skill, performed the duties of his employment, so that there became due to him from defendant for his services and wages, for the week ending October 28, 1882, $35; the petition thus contains the same allegation for every week up to the May 12, 1883, and asks judgment for these several sums.

The answer sets out the contract between plaintiff and defendant, which is in writing, and is substantially as alleged, and says that plaintiff has been paid in full for all the time that he rendered service; that on October 21, 1882, plaintiff left defendant's service; and that, on the 9th of November, 1882, plaintiff sued on said contract for a breach thereof, and obtained judgment before a justice against defendant for $70 for his salary under said contract for two weeks following October 21, 1882, the date

at which plaintiff claimed that, according to the claim of plaintiff, he had been wrongfully discharged, which judgment was paid by defendant.

The testimony in the case showed the contract as alleged in the pleadings, and tended to show a wrongful discharge on October 21, 1882, and a recovery by plaintiff, as alleged in the answer, for two weeks' wages after that date. There was also testimony tending to show that plaintiff was at all times competent and ready to perform his duties under the contract, and that he offered to do so, from the date of his discharge to the last date for which he claims wages in this action, and that he made unsuccessful efforts to obtain other employment.

The cause was tried without a jury. The court refused a declaration of law to the effect that on the facts stated above, plaintiff is entitled to recover; and also refused to declare the law to be that the judgment above mentioned was not a bar to plaintiff's recovery. And there was a finding and judgment for defendant.

A servant unlawfully discharged, may treat the contract as rescinded and sue on a *quantum meruit* for services actually rendered, or he may bring his action for damages for breach of contract. He may wait to do this until the term is ended, and recover his actual damages, or he may sue at once and recover his probable damage from the breach. But when he has elected his remedy and pursued it, a judgment in one action will be a bar to a further suit. A person discharged from services can not, strictly speaking, recover wages for a constructive service. If he brings such an action and recover, it must be regarded as an action for the breach of contract in wrongfully discharging him. As is said in *Colburn* v. *Woodworth* (31 Barb. 381), if the discharged servant brings his action before the measure of damages has been filled, or before the damages have been all known, it his folly or his misfortune. He can not sever

them and recover part in one action and the residue, when discovered, in another. The case of *Booge* v. *Railroad Co.* (33 Mo. 212), seems to be quite in point, and is decisive against plaintiff's right to recover on the testimony in the present case. The whole doctrine on the subject is discussed in *Howard* v. *Daly* (61 N. Y.), to which we are referred by counsel for respondent. In this last cited case, *Booge* v. *Railroad Co.* is classed with some few cases criticised and disapproved by the New York court as holding that a discharged servant may recover wages as for a constructive service. We do not think, however, that the Missouri case ought to be so classed. On the contrary, the supreme court, in the Booge case, says that there can be no recovery by a servant unjustly discharged as for services performed under the contract, but that the action must be for a breach of contract, or else on a *quantum meruit* for work actually performed, the contract being treated as rescinded. To recover for constructive service after his discharge it would seem that the servant must remain in voluntary idleness, which the law does not encourage. However that may be, there can be no question that the rule established in Missouri is that, if a servant wrongfully discharged elects to sue for the breach before the termination of the period of hiring, and recovers, this is a bar to further action, and that an action for wages accruing after the discharge, if there has been a recovery, must be regarded as an action for damages for the breach of contract. It is, of course, only on the theory that defendant had violated the contract on his part, that plaintiff could seek to recover wages for services after his discharge which he admits that he never rendered.

The judgment is affirmed. All the judges concur.