# OCTOBER, 1939.

F. W. McGEE, RESPONDENT, v. ST. JOSEPH BELT RAILWAY COMPANY, APPELLANT.—133 S. W. (2d) 675.

Kansas City Court of Appeals.    October 30, 1939.

Certiorari denied September 3, 1940.—145 S. W. (2d) 131.

*Brown, Douglas and Brown* for appellant.

*Randolph & Vermillion* for respondent.

SPERRY, C.—F. W. McGee, plaintiff in the circuit court, recovered judgment there against St. Joseph Belt Railway Company, defendant, in an action for damages because of the alleged violation by defendant of a contract of employment existing between the members, including plaintiff, of a brotherhood of railroad employees. From the action of the trial court in overruling motion for new trial defendant appeals. We shall refer to the parties here as plaintiff and defendant. This identical case was before us on appeal from a judgment on the pleadings. We reversed and remanded the case and, in our opinion, McGee v. St. Joseph Belt Ry. Co., 110 S. W. (2d) 389, l. c. 390, we said:

"Plaintiff is employed by the defendant as a switchman at its railroad yards in St. Joseph, Mo. He brought this action upon a contract entered into between the local lodge of the Brotherhood of Railway Trainmen, of which plaintiff is a member, and the defendant. The particular part of the contract alleged to have been violated relates to plaintiff's rights of seniority. The case comes here as a result of the action of the trial court in sustaining defendant's motion for a judgment upon the pleadings, after the filing, by plaintiff, of his reply.

"The contract in question provided that the right of preference of work and promotion should be governed by seniority in the service; that a correct seniority list should be furnished the local chairman every 6 months and a copy posted in the yard office to which the yardmen should have access at all times; that the yardman oldest in the service should be given preference, if competent, and if considered incompetent he should be advised in writing if a letter was requested; that yardmen should not be suspended or dismissed from service without cause and in case of suspension or dismissal he should be given a hearing; that the agreement should be in effect subject to 30 days' notice by either party of a desire to change or terminate said contract or any part thereof.

"On December 15, 1933, plaintiff brought suit against the defendant alleging, among other things, that while said contract was in full force and effect, and in violation of its terms, defendant, on October 10, 1930, changed and altered the seniority list so that plaintiff's name was wrongfully placed so far down that he was deprived of an opportunity to work in the order to which he was entitled; that if defendant had maintained the seniority list as it should have been maintained plaintiff would have been entitled to work each and every day after October 10, 1930. Plaintiff, in that suit, recovered a verdict and judgment in the sum of $4,700, which judgment was affirmed upon appeal to this court. [See McGee v. St. Joseph Belt Ry. Co., 93 S. W. (2d) 1111.]

"Subsequently, on July 31, 1936, plaintiff commenced the presentation, alleging, in substance, that said contract was still in force and

effect, claiming further breaches of it, making similar allegations as contained in his petition in the first suit and asking for damages in the sum of $5,091.96, the amount of earnings that plaintiff lost since the filing of the first suit.

"Defendant filed its answer in which it set out the petition, the answer and judgment in the prior suit and pleaded that said judgment was a bar to the present action, and alleging that plaintiff had not been in the employ of the defendant since December 15, 1933, and had performed no service of any kind or character for it since said date.

"The reply alleges that the judgment in the prior suit was not a bar to this suit for the reason that the contract was a continuing one, requiring defendant to call plaintiff to work in the order of his seniority each and every day while said contract remained in force and effect; that the damages recovered in the previous suit were not a bar to the recovery of damages in the present action bar to the recovery of damages in the present action because the previous action was only for damages suffered for failure to call plaintiff to work prior to December 15, 1933; that the previous action was not one for a total breach occasioned by the termination of the contract, or for discharge of plaintiff under said contract, but was occasioned by the failure on the part of the defendant to provide the plaintiff the right and opportunity to work in the order of his seniority from and after the 15th day of December, 1933 (or the date of the filing of the first suit).

"Thereupon, defendant filed its motion for judgment upon the pleadings, which, as above stated, the court sustained."

The pleadings in the case as they appear on this appeal are the same as they were on the former appeal, except for a slight amendment which does not affect the issues here.

Plaintiff offered evidence which tended to support the allegations contained in his pleadings. Defendant offered no evidence and now urges that its motion for a directed verdict should have been sustained, for the reason that the judgment rendered as a result of the suit filed December 15, 1933, is *res adjudicata* of the present action.

We held in the second McGee case, *supra*, 110 S. W. (2d) 389, 1. c. 391, that "The sole question presented upon this appeal is whether the judgment in the former case bars a recovery in the present one. . . ." The full court there said, speaking through Judge BLAND, that the former suit did not bar the present one, that recovery was had in the first case for a breach of the contract covering the period up to December 15, 1933, and that damages are sought here covering the period from December 15, 1933 to July 31, 1936. The judgment was reversed *and the cause remanded.*

However, it is now urged that we were then considering solely the question of whether or not plaintiff had failed, in his *pleadings,* to

deny an allegation of defendant to the effect that the contract of employment between *plaintiff and defendant* (not the *working agreement* between defendant and Local Lodge 92) had been terminated; and that the sole effect of that decision was to declare that plaintiff had *not* failed to deny, at least by inference, defendant's claim that said employment had ceased prior to the institution of this suit. Defendant contends that the evidence on the question of whether or not such employment continued during the term covered by this suit is now before us, it having been offered by plaintiff, and that said evidence conclusively establishes the fact to be that plaintiff was discharged on June 1, 1932, when plaintiff and four other switchmen were cut off of the list of men to be called for work when work developed, and were never thereafter called for work. Defendant argues that when it caused to be posted in its yards, on the above date, a list of persons to be called for work according to the seniority of such persons as were there listed, and failed to include plaintiff's name therein, that such action amounted to a discharge of plaintiff, irrespective of the fact that he was not notified of his discharge in accordance with the terms of the work agreement; and that this method of discharging plaintiff from employment effectively terminated the relationship of employer-employee, irrespective of the fact that such method was in violation of the working agreement.

We have heretofore held that the mere shifting of plaintiff's name on the seniority list from No. 11 place to No. 28, and in calling him for work in accordance with said new list constituted a breach of the agreement relative to the manner and method of calling him to work. [McCoy v. St. Joseph Belt Ry. Co., 229 Mo. App. 506, 77 S. W. (2d) 175; McGee v. St. Joseph Belt Ry. Co., 93 S. W. (2d) 1111; McGee v. St. Joseph Belt Ry. Co., 110 S. W. (2d) 389.] In each of those cases we approved the right to recover under such circumstances. In the last mentioned case we specifically said, with full knowledge of the prior recovery permitted this plaintiff in the first McGee case above cited, that "Plaintiff could not have waited until the end of the term for which he was employed to bring the suit because the term is indefinite and might never be ended during the course of his lifetime."

We think defendant could have ended the unilateral contract and indefinite term of employment, which existed between it and plaintiff, at its will. We also hold that if plaintiff is not, in fact, an employee of defendant he cannot recover damages for defendant's failure to call him to work. The working agreement is solely for the benefit of employees and not for the benefit of non employees. Defendant could have discharged plaintiff without reference to the terms of the contract between it and the members of the Local Lodge 92, and without giving him a service letter as therein provided. If it had done so the plaintiff would have had certain rights for the breach

of the last mentioned contract; and might also have been entitled to certain statutory rights. But the question of whether or not such contract was, in fact, ended, or whether plaintiff was, in fact, discharged from employment, was one of fact and not one of law under the evidence here. That question was submitted to the jury under instruction No. 1, and the jury has found against defendant. The mere failure of defendant to list plaintiff's name on the list which was posted, and its failure to call him for work, was evidently insufficient to convince the jury that plaintiff had been discharged from the relationship of employee which relationship was admitted to have previously existed. Defendant could have terminated the employment by simply writing plaintiff a letter to that effect. The fact that it did nothing whatever tending to indicate that it had discharged plaintiff other than to fail to list his name or to call him to work, considering the peculiar nature of the contract and of the relationship existing between defendant and its employees, leaves the record in such a state that we cannot say, as a matter of law, that plaintiff was not an employee of defendant during the term for which damages were allowed in this case. It was a jury question. The jury has answered it and we may not disturb its verdict. The judgment should be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.