STATE OF MISSOURI at the relation of ST. JOSEPH BELT RAILWAY COMPANY, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and WILLIAM E. KEMP, Judges of the Kansas City Court of Appeals. —145 S. W. (2d) 131.

Court en Banc, December 3, 1940.

*Brown, Douglas & Brown* for relator.

1100

*Lewis F. Randolph* for respondents.

ELLISON, J.—Certiorari to the judges of the Kansas City Court of Appeals to review their record in McGee v. St. Joseph Belt Ry. Co., 133 S. W. (2d) 675, for conflict with our decisions. After argument and submission of the case an opinion was filed by the writer which the relator Railway Company challenged by motion for rehearing. To give due consideration to the points urged in that motion, and to simplify the issues, we are recasting the original opinion, though reaching the same result.

The plaintiff below was a railroad switchman directly employed by relator at St. Joseph, Missouri, under an indeterminate (and perhaps oral) contract hereinafter called an *employment* contract. Plaintiff was also a member of the local lodge of the Brotherhood of Railway Trainmen, which had a separate contract (evidently written) with relator hereinafter called a *working* agreement. This working agreement entitled plaintiff and other members of the Brotherhood employed by relator to certain seniority rights in being called for service; and further provided they should not be suspended or dismissed without cause, a hearing, and a service letter if discharged. The agreement was to remain in force subject to 30 days' notice by either party of a desire to change or terminate it. Plaintiff's rights were, therefore, dependent on two contracts: first the employment contract fixing his status as an employee; and second, the working agreement stipulating conditions of work, suspension and discharge.

It was for the alleged breach of this working agreement that plaintiff brought his damage suit below in July, 1936, claiming that although he had continued in relator's employment as a switchman *since* December 15, 1933, yet relator had failed to call him for service in accordance with his seniority rights under the agreement. The measure of damages sought was the amount of earnings he would have received if

he had been thus called. At the first trial of the cause the circuit court sustained defendant's (relator's) motion for judgment on the pleadings, interposed on the theory of *res judicata* because the pleadings showed without denial that plaintiff had previously sued and recovered judgment for breach of the same working agreement over a period *prior* to December 15, 1933. [That judgment was affirmed by the Kansas City Court of Appeals in 93 S. W. (2d) 1111.] But respondents reversed and remanded the cause for error in sustaining this motion. [232 Mo. App. 639, 110 S. W. (2d) 389.]

At the second trial (involved here) it was undisputed that the working agreement between the Brotherhood and the relator had not been terminated by request of either party, and that relator had not been accorded a hearing or service letter. Speaking generally, respondents' opinion in 133 S. W. (2d) 675, here under review, further says, "Plaintiff offered evidence which tended to support the allegations contained in his pleadings." On the other hand, the opinion also discloses that plaintiff was cut off the seniority list on June 1, 1932, over six months before the violation of his seniority rights under the working agreement began on December 15, 1933; and that he was never called for work afterward. Relator contended this was conclusive proof of plaintiff's prior dismissal as an employee, thereby terminating his seniority rights under the working agreement even though the method of discharge did not conform to the provisions of that agreement requiring the assignment of a cause, the granting of a hearing and the issuance of a service letter. On that theory relator stood on a demurrer to the evidence, which was overruled. A verdict and judgment for plaintiff followed, and the latter was affirmed by respondents.

In ruling the case on appeal respondents conceded the relator could end the indeterminate employment contract at will without notice, hearing, service letter or other observance of the separate Brotherhood working agreement, being responsible, however, for any breach of the latter. They also conceded if relator terminated plaintiff's employment by any such method he could not recover damages for relator's failure *to call him for work* thereafter, in accordance with his seniority rights under the working agreement, because that agreement was solely for the benefit of employees, not nonemployees. We understand respondents' opinion to mean that if plaintiff was discharged in the manner stated, his remedy would be to sue for damages for breach of that part of the working agreement permitting his dismissal only for cause, after a hearing, and accompanied by the issuance of a service letter; and that he could not sue for relator's failure to call him for work, as if the working agreement were still in force as to him. Neither party challenges that part of respondents' opinion in this certiorari proceeding.

But respondents went on to hold relator's evidence did not show conclusively that relator had been discharged; and ruled the question was for the jury. On that point the opinion said:

"The mere failure of defendant to list plaintiff's name on the list which was posted, and its failure to call him for work, was evidently insufficient to convince the jury that plaintiff had been discharged from the relationship of employee which relationship was admitted to have previously existed. Defendant could have terminated the employment by simply writing plaintiff a letter to that effect. The fact that it did nothing whatever tending to indicate that it had discharged plaintiff other than to fail to list his name or to call him to work, considering the peculiar nature of the contract and of the relationship existing between defendant and its employees, leaves the record in such a state that we cannot say, as a matter of law, that plaintiff was not an employee of defendant during the term for which damages were allowed in this case. It was a jury question. The jury has answered it and we may not disturb its verdict."

Relator's assignments of error charge this part of the opinion conflicts with our decisions by holding: (1) that plaintiff sustained his burden of proving he was an employee during the period embraced in the judgment; (2) and that the burden was on relator to *disprove* plaintiff's employment during that period. In support of these assignments relator cites in his Points and Authorities such cases as State ex rel. Ward v. Trimble, 237 Mo. 773, 778, 39 S. W. (2d) 372, 374 (7, 8), holding that while this court is bound to accept the statement of a Court of Appeals' opinion as to what the facts of a case were, still we are not bound by the conclusions of law drawn by the court from those facts if such conclusions conflict with our decisions. Also, relator refers us to decisions holding there is no presumption of the continuance of a proven state of facts unless those facts were of a *continuing nature,* such as Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 146, 31 S. W. (2d) 21, 26 (15), and McDaniels v. Cutburth, 270 S. W. 353, 359 (4). Our attention is further directed to State ex rel. K. C. So. Ry. Co. v. Shain, 340 Mo. 1195, 1203 (6, 7), 105 S. W. (2d) 915, 919 (8, 9, 10) holding that conflicts between our decisions and the opinion of a Court of Appeals do not vanish merely because the opinion declares the stated facts are dissimilar (when they are not) or that stated evidence is not contrary to physical law or facts of universal knowledge (if it is).

It will be noted that all these decisions state general principles or rules of law. Reference will show none of them were similar to the case below in factual background. Relator's concrete application of the decisions to this controversy in its motion for rehearing is that respondents contravened them by ruling "the jury was entitled to infer plaintiff's continued employment during more than four years of continuous non-employment, with no evidence to go on but

the bare facts that temporary employment once existed and continued to June 1, 1932, without any evidence of actual employment or working at the job after that date.'' That conclusion, says relator, cannot be sustained without invoking a presumption of a character which this court has repeatedly held may not be invoked.

In other words, relator's position is that plaintiff's employment contract was indeterminate and impermanent. Relator could terminate it at will, without notice or hearing. When it struck plaintiff's name from the seniority list on June 1, 1932, and had failed to call him for work over a period of more than four years up to the bringing of the suit below in July, 1936, that was conclusive evidence that he had been discharged when his name was dropped. But respondents' opinion points out that if relator meant to terminate plaintiff's employment it could have written him a letter or done something to communicate to him its intention to discharge him. Then reference is made to ''the peculiar nature of the contract and of the relationship existing between defendant and its employees.'' This latter evidently means the relationship between relator and its employees under the Brotherhood working agreement, which would have been breached if plaintiff was discharged as relator claims, without cause, hearing or service letter.

We are not called upon to say whether respondents were right or wrong in holding all these facts made a case for the jury. But we do rule the conclusion reached is not so at variance with facts of universal knowledge as to call for our intervention under State ex rel. K. C. Ry. Co. v. Shain, supra, 340 Mo. l. c. 1203, 105 S. W. (2d) l. c. 919. We find no conflict with our decisions from which it follows that our writ of certiorari heretofore issued should be, and hereby is ordered, quashed. All concur.