STATE of Missouri, ex rel. Jeremiah
W. (Jay) NIXON, Attorney
General, Relator,

v.

Hon. Robert G.J. HOESTER, Judge,
Circuit Court of St. Louis
County, Respondent.

No. 70576.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Aug. 6, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 9, 1996.

Application to Transfer Denied
Oct. 22, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, M. Dyan McGuire, Asst. Atty. Gen., St. Louis, for relator.

Donald L. Erickson, Clayton, pro se.

GERALD M. SMITH, Judge.

Relator sought our writ of prohibition or alternatively our writ of mandamus to preclude respondent from entering an amended judgment in the underlying case, *State ex rel. Nixon v. Erickson,* and from taking any further action based on such amended judgment including setting a supersedeas bond. The respondent had entered an amended judgment prior to the filing of the application for writ. We issued our preliminary writ which we now make permanent.

The underlying action was a civil proceeding in which the Attorney General of Missouri sought injunctive relief preventing Erickson from misrepresenting himself as a lawyer and further sought restitution for consumers who purchased legal services from Erickson, a non-lawyer. Pursuant to the Attorney General's petition the court entered a temporary restraining order. Erickson filed a counterclaim which was subsequently amended. The amended counterclaim alleged that the prosecution of the action by the Attorney General and the temporary restraining order deprived, and would continue to deprive, Erickson of his right to free speech. Such deprivation was alleged to have caused Erickson irreparable

continuing injury. The prayer sought to preclude the attorney general from bringing any other litigation against Erickson which would deprive him of his constitutional rights and to preclude the court and all sitting judges of the 21st Judicial Circuit from entering future orders depriving Erickson of his constitutional rights. There was no allegation of any present intention by the Attorney General to bring further litigation against Erickson. The petition also sought attorneys fees. Erickson represented himself throughout the proceedings. He had been convicted of violations of the criminal laws based upon the activities which formed the basis of the civil proceeding, and was, during much of the civil proceedings, confined to jail.

Trial was held at intermittent intervals over a period of several months. Erickson was present throughout the trial and put on a defense. At no time did he seek relief on his counterclaim or produce any evidence to support it. Judgment was entered on May 4, 1995. That judgment permanently enjoined Erickson from representing he is a lawyer and from selling or providing legal services to consumers. It further ordered him to make restitution in prescribed amounts to named consumers and to pay the state's costs in prosecuting the civil action. Erickson filed a motion for new trial which made no mention of his counterclaim. The Attorney General appealed a portion of the judgment denying the state recovery of costs for its prosecution of the criminal proceeding. That appeal was subsequently voluntarily dismissed. Erickson did not perfect an appeal of the civil proceeding.

On April 23, 1996, Erickson filed a pleading attempting to revive and expand his counterclaim, and to quash execution. On April 26, 1996, without notice to the Attorney General, the respondent entered a judgment which found that Erickson had abandoned his counterclaim at trial, reentered the May 4, 1995, judgment and quashed the state's execution.[1] The state's motion to strike the April 26 judgment was denied and respon-

dent set a date for hearing Erickson's request for supersedeas bond. Prior to that hearing the application for writs was filed.

The relator contends that the court lacked jurisdiction to enter the April 26 judgment. We agree. The only basis presented to us for the entry of that judgment was that the May 4, 1995, judgment was not final because it did not dispose of Erickson's counterclaim. While the relator posits a number of theories upholding the finality of the May 4 judgment we need discuss only one.

■ It is well settled that where a judgment implicitly resolves the issues raised by the defendant's counterclaim, it is a final judgment even though the judgment makes no explicit reference to the counterclaim. *Glick v. Glick,* 372 S.W.2d 912 (Mo.1963) [2–7]; *Troske v. Martigney Creek Sewer Company,* 706 S.W.2d 282 (Mo.App.1986) [2]; *Reynolds v. Briarwood Development Co., Inc.,* 662 S.W.2d 905 (Mo.App.1983) [2,3].

■ Erickson's counterclaim was premised upon his allegations that the prosecution of the specific action by the Attorney General and the issuance of the temporary injunction deprived him of free speech rights guaranteed by the United States Constitution. The determination and judgment of the trial court that the state was entitled to a permanent injunction restraining Erickson from the conduct upon which the civil action was based was an implicit holding that the actions of the Attorney General were not an infringement of Erickson's constitutional rights. It was further a holding that the court could properly entertain the state's petition and issue injunctive orders respecting Erickson's representations concerning the providing of legal services.

■ The counterclaim was premised upon the allegation that "prosecution of this action by Plaintiff, and the granting of a temporary restraining order by the Court, have deprived, and will continue to deprive Defendant of his right to free speech . . . ." The prayer sought relief beyond the allegations of the counterclaim. The allegations,

---

1. The reentry of the judgment casts doubt on the state's priority position in attempting to satisfy its judgment for restitution.

not the prayer, determine the cause of action and the scope of the relief to which the pleader is entitled. *McClellan v. Highland Sales & Investment Co.*, 426 S.W.2d 74 (Mo. 1967) [1]; *Wear v. Walker*, 800 S.W.2d 99 (Mo.App.1991) [2,3]. The court's judgment upholding the validity of the prosecution of the action and the granting of injunctive relief was necessarily a finding that the counterclaim was without merit. The judgment of May 4, 1995, was final when the court denied the post-trial motion of Erickson. Once a trial court disposes of post-trial motions it loses jurisdiction over the judgment. *Highland Gardens Nursery, Inc. v. North American Developers, Inc.*, 494 S.W.2d 321 (Mo.1973) [3]; *State ex rel. Steinmeyer v. Coburn*, 671 S.W.2d 366 (Mo.App.1984) [3]. Respondent lacked jurisdiction to enter a new judgment in April 1996.

Preliminary writ of prohibition is made permanent. Respondent is directed to strike the judgment of April 26, 1996 and all proceedings arising therefrom.

RHODES RUSSELL, P.J., and PUDLOWSKI, J., concur.

---

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.