Patricia FINLEY, Plaintiff/Appellant,

v.

ST. JOHN'S MERCY MEDICAL CEN-
TER and The Sisters of Mercy,
Defendants/Respondents.

Patricia FINLEY, Plaintiff/Respondent,

v.

ST. JOHN'S MERCY MEDICAL CEN-
TER and The Sisters of Mercy,
Defendants/Appellants.

Nos. 71634, 72250.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 6, 1998.

**594**

David S. Purcell, Purcell & Associates, St. Louis, for appellant.

John J. Mohan, Frans J. von Kaenel, Margaret A. Hesse, Hinshaw & Culbertson, St. Louis, for respondents.

CRANE, Presiding Judge.

Two appeals have been consolidated in this opinion. The first appeal raises the issue of whether a party who has recovered disability benefits under a disability plan from the date of disability to the date of judgment in a prior judgment is barred by principles of res judicata or collateral estoppel from bringing a subsequent action to recover disability benefits alleged to be due after the date of the previous judgment. We hold that res judicata and collateral estoppel do not apply. We reverse the trial court's judgment dismissing the petition filed in the subsequent action

and remand. The second appeal raises the issue of whether the trial court in the first action erred in amending its judgment pursuant to Rule 74.06(b) to add an explanation of the evidence considered and not considered. We hold this was not a proper procedure under Rule 74.06(b) and reverse the judgment amending the first judgment.

In September, 1988 plaintiff, Patricia Finley, was injured in the course of her employment at defendant, St. John's Mercy Medical Center, a wholly-owned subsidiary of defendant, The Sisters of Mercy of the St. Louis Regional Community, Inc. (hereinafter referred to as defendants). Defendants maintained a long term disability plan. Plaintiff filed an action against defendants alleging that, as a result of the injury, she had been disabled since November 20, 1990; that she was a beneficiary of the plan, and that she had been denied benefits under the plan. She further alleged that she was entitled to monthly payments under the plan from February 20, 1991 until she reaches age sixty-five on January 3, 2017. She sought back payments to the date of judgment and future payments to age sixty-five. On January 4, 1996 the trial court granted plaintiff's motion for summary judgment and awarded her disability benefits to the date of its judgment. We will hereinafter refer to this case as "Finley I."

On June 5, 1996 plaintiff filed a petition in a new action seeking monthly disability payments from February 20, 1991 until January 3, 2017, reduced by the amounts paid on the previous judgment. We will hereinafter refer to this case as "Finley II." Defendants moved to dismiss this petition on the grounds of res judicata and collateral estoppel. The trial court granted the motion. Plaintiff appeals from this judgment.

On January 3, 1997, pursuant to Rule 74.06(b), plaintiff filed a Motion for Relief from Final Judgment requesting that the trial court reopen Finley I in order to clarify the intent and effect of the summary judgment. On February 18, 1997 the court granted plaintiff's Motion for Relief from Final Judgment and amended the January 4, 1996 judgment by adding the following words: "The court, in rendering this judg-

ment [,] has considered evidence of plaintiff's damages until the date of this judgment and has not considered evidence of future damages." Defendants appeal from that judgment.

## PLAINTIFF'S APPEAL, CAUSE NO. 71634

■ Plaintiff contends the trial court erred in dismissing her petition in Finley II and urges that neither collateral estoppel nor res judicata bar her petition because no court has considered her claim for disability benefits after the January 4, 1996 judgment. We agree.

Collateral estoppel precludes the same parties, or those in privity, from relitigating issues which were necessarily and unambiguously decided. King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. banc 1991). In reviewing the appropriate application of collateral estoppel, we consider: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. *Id.* at 500. Courts also often recognize a fourth factor: whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Id.*

Res judicata requires "four identities": 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made. *King General Contractors, Inc.*, 821 S.W.2d at 501. Unlike collateral estoppel, res judicata applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but also to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *Id.* The critical distinction is that collateral estoppel operates only as to issues actively litigated in the previous action, whereas res judicata precludes relitigation of issues which might have properly been determined. Both res judicata and collateral estoppel apply to judgments rendered on the merits. Korte Trucking v. Broadway Ford Truck Sales, 877 S.W.2d 218, 220 (Mo.App.1994).

■ Related to these doctrines is the rule against splitting a cause of action. A cause of action which is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit. *King General Contractors, Inc.*, 821 S.W.2d at 501. In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; or 2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *Id.* The word "transaction" has a broad meaning. *Id.* It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. *Id.* It also includes all the facts and circumstances out of which an injury arose. *Id.*

■ However, distinct causes of action may arise from a single contract, transaction or occurrence. A plaintiff is not barred from bringing two successive claims on the same contract where the second action had not accrued at the time the first was prosecuted. Korte Const. Co. v. Deaconess Manor Assn., 927 S.W.2d 395, 404 (Mo.App.1996). An injured party may bring a succession of actions on breaches of a contract imposing a continuous duty which causes a steady accretion of damage. McGee v. St. Joseph Belt Ry. Co., 232 Mo.App. 639, 110 S.W.2d 389, 391 (1937), quoting 1 Sutherland on Damages (4th Ed.) p. 415. Thus, while a contract is still in existence, each time the defendant fails to perform in accordance with its provisions is a separate violation of its terms and gives rise to a new cause of action. *Id.* at 392.

This case involves a contract which contains a continuing duty to pay disability benefits. Defendants breach that duty and plaintiff suffers new damages each month that plaintiff's disability continues and she is not paid the monthly benefits pursuant to the

terms of the contract. Her cause of action for benefits in any particular month does not accrue until these conditions have been met. Therefore, at the time summary judgment was entered, the trial judge could not award future disability payments because plaintiff could not prospectively establish her entitlement to such payments. Future damages could not be determined because the length of time plaintiff would remain disabled and entitled to disability benefits could not be known in advance. As in *McGee*, 110 S.W.2d at 392, the only practical method by which damages could be recovered was by successive actions for damages after they accrued.

Further, the claim in Finley II, while involving a claim for payment of disability benefits under the same contract, did not involve the same cause of action because that claim, for benefits accruing after the previous judgment, did not arise until after the previous judgment. This was a separate claim, based upon an alleged breach of the disability plan which, while involving the same plan, did not involve the same claim of breach made in Finley I.

Collateral estoppel does not apply to bar the petition in Finley II because the issue decided in Finley I, plaintiff's entitlement to disability benefits up to the time of the January 4, 1996 judgment, is not the issue presented in Finley II, which is plaintiff's post-judgment entitlement to disability benefits. Res judicata does not apply because the two claims involve two separate causes of action. Further, contrary to defendants' argument on appeal, there is no splitting of a cause of action.[1]

Defendants also argue that plaintiff is precluded because she sought "lifetime" benefits in both lawsuits. Plaintiff did request benefits to age sixty-five in both petitions. However, this does not trigger the application of any bar. The allegations, not the prayer, determine the cause of action and the scope of the relief to which the pleader is entitled. State ex rel. Nixon v. Hoester, 930 S.W.2d 52, 53–54 (Mo.App.1996). The prayer for relief is not part of the petition. Rouse Co. of Mo. v. Justin's, Inc., 883 S.W.2d 525, 529 (Mo.App.1994). The allegations in plaintiff's petition did not establish a right to recover for disability payments which were not yet due. The allegations in plaintiff's second petition only established a right to disability payments from the date of the first judgment until such time as judgment is entered in that case.

Further, the fact that plaintiff asked for future disability benefits to which she was not entitled and was denied does not invoke the bars of res judicata or collateral estoppel where the denial was necessarily required because plaintiff's request for such benefits was premature. *See* Restatement of Judgments § 59 p. 211.

The trial court erred in dismissing the petition. This judgment is reversed and the cause remanded.

## DEFENDANT'S APPEAL, CAUSE NO. 72250

On January 4, 1996 the trial court granted plaintiff's Motion for Summary Judgment in Finley I and awarded her damages representing disability benefits owed to her until the date of judgment. On January 3, 1997 plaintiff filed a Motion for Relief from Final Judgment for excusable neglect pursuant to Supreme Court Rule 74.06(b). On February 18, 1997 the court sustained plaintiff's motion and amended its January 4, 1996 judgment by adding the following: "The court, in rendering this judgment [,] has considered evidence of plaintiff's damages until the date of this judgment and has not considered evidence of future damages."

---

1. These principles may, however, bar relitigation of issues determined in the first action. *See* Christy v. Great Northern Life Ins. Co., 238 Mo.App. 525, 181 S.W.2d 663, 668 (1944) holding Missouri law to be:

 where the two actions are based on the same legal right, on the same policy, and on the same disability resulting from the same bodily injury effected by the same accidental means, as in this suit, the subsequent suit is upon a continuing and recurring cause of action and the disability, having been once established, the only matter to be litigated in the subsequent suit is whether it has continued over the period of time for which indemnity is sought and that, under such circumstances, the former judgment is not only conclusive upon the issues actually litigated but those that might have been litigated.

Rule 74.06(b) allows a party to seek relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect, fraud, misrepresentation or other misconduct of an adverse party, irregularity, voidness, satisfaction, etc. Under Rule 74.06(c), such a motion for relief does not affect the finality of a judgment or suspend its operation.

 "Excusable neglect" is defined as: Failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

Gibson v. White, 904 S.W.2d 22, 25 (Mo.App. 1995) (citing Black's Law Dictionary 566 (6th ed.1990)). Plaintiff did not inform the trial court of any facts constituting excusable neglect as defined above. Rule 74.06(b) is not properly used to amend a judgment to explain what evidence a trial court considered in reaching its judgment. Rule 74.06(b) reaches only procedural errors which, if known, would have prevented entry of a judgment. Burris v. Terminal R.R. Assn., 835 S.W.2d 535, 538 (Mo.App.1992).

Therefore, we reverse that part of the judgment which was added pursuant to Rule 74.06(b). However, this reversal does not affect the issues in plaintiff's appeal of Finley II because, as a matter of law, the court could not have considered that evidence.

*CONCLUSION*

The judgment in Appeal No. 71634 is reversed and the case is remanded. That part of the judgment in Appeal No. 72250 which was added pursuant to Rule 74.06(b) is reversed.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.