McMenamin et al., Appellants, *v.* Philadelphia Transportation Company.

Argued January 8, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Bernard J. Duffy, Jr.,* with him *Robert G. Kelly* and *Harris J. Latta, Jr.,* for appellants.

*Hamilton C. Connor, Jr.,* with him *Allen Hunter White, Frederic L. Ballard* and *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 24, 1947:

James H. McMenamin, Frank P. Carney, William C. Dixey, Jr., and Frank A. Thompson, appellants, filed this bill in equity against Philadelphia Transportation Company, appellee, their former employer, for a mandatory injunction to compel their reinstatement as street car conductors and operators. Appellee filed an answer to the bill, setting forth preliminary objections averring, *inter alia:* that the bill was multifarious; that the bill requested specific performance of a contract for personal services; and, that appellants had an adequate remedy at law. The court below held that the bill was not multifarious, that equity would not decree specific performance of a contract of employment, that there was an adequate remedy at law, and certified the bill to the law side of the court for further proceedings. This appeal followed.

Prior to, and until August 1, 1944, appellants had been employed by appellee and its predecessor, The Philadelphia Rapid Transit Company,—McMenamin for 16 years, Carney for 20 years, Dixey for 2½ years, and Thompson for 1½ years. Each had acquired certain seniority rights and rights of participation in pension plans, vacation with pay, job preference and other desirable privileges of employment. The Transportation Workers' Union of appellee company went on strike August 1, 1944. On August 3, the Secretary of War, acting through Major General Philip Hayes of the United States Army, took over the transportation functions of appellee. General Hayes ordered all striking employees to return to work by August 7. Appellants reported for work on said date, but were denied their former positions. Each received written notice that he was "discharged for cause." On August 9, appellee entered into a new collective bargaining agreement with Transportation Workers' Union, Local 234. Appellants were not members of this union. They requested reinstatement and, on August 28, were advised that they would be granted a hearing before appellee's industrial relations committee, upon their request only if the union refused to make such request on their behalf. The union refused to intercede and appellants made written requests for a hearing. Those requests were refused on September 6. On December 5, 1944, this bill was filed.

Appellants contend that the seniority rights, health insurance, life insurance, and pension benefits inuring to an employee under a collective bargaining agreement constitute property rights; that where such agreement further provides that an employee will not be discharged except "for cause" and upon a statement of charges, if an employee has been discharged from employment without assignment of cause or statement of charges, a court of equity will protect the foregoing property rights by directing reinstatement. Appellee contends that such rights, being dependent upon the continuation of the

employer-employee relation, will not be protected by a decree of specific performance but that the remedy, if any, is at law for damages for breach of contract.

Seniority rights, life insurance, health insurance, and pension benefits, secured to an employee by virtue of the contract of employment do constitute property rights which a court of equity will protect: *Heasley v. Operative Plasterers & Cement Finishers International Association, Local 31,* 324 Pa. 257, 188 A. 206. Distinction must be recognized, however, between existing property rights which have as their source a valid and subsisting contract of employment, and inchoate or potential rights which could become real only by establishment or re-establishment of a contract of employment. In the former case, an employee may seek the aid of a court of equity to protect and secure the benefits of those existing rights. In the latter, either the rights have never vested because no contract of employment ever existed or they no longer subsist because of the termination of the contract. Recognition of such nebulous rights could only be had, and protection afforded, as appellants here seek, by a decree compelling an employee to work for another or an employer to hire or re-hire an undesired servant.

Appellants recognize the rule that a court of equity will not grant specific performance of a contract for personal services. Admittedly, enforcement of negative covenants is not here involved. Cf. *Philadelphia Ball Club, Limited, v. Lajoie,* 202 Pa. 210, 51 A. 973. This Court is asked to re-examine the basic rule, suggested by appellants to have been "evolved in a period of history when the current phenomena of mass employment by a single employer did not exist and when the relationship between the employer and his employees was actually a personal one." It is urged that the rule be abrogated and that courts of equity assume jurisdiction and power heretofore denied by the courts themselves. *Grand International Brotherhood of Locomotive Engi-*

*neers v. Mills,* 43 Ariz. 379, 31 P. 2d 971, and *Gregg v. Starks,* 188 Ky. 834, 224 S. W. 459, are cited as persuasive authority in support of appellants' contention and request. These cases are inapposite.

*Grand International Brotherhood of Locomotive Engineers v. Mills,* supra, was an action to enforce seniority rights under a subsisting contract. The basis of the action was intra-union dissension and disagreement. The company assumed the position of a stake holder, was not interested in what it contended was a dispute between members of the same brotherhood, and was indifferent with regard to the final judgment. The court recognized property rights arising out of a subsisting contract of employment and also noted the absence of such property rights where that contract had been terminated. The court stated (p. 980) : "The company has not abrogated its contract nor evinced any desire so to do . . . The right is a present existing one under the contract, and until it is legally terminated we need not consider what will then be the status of the party— so long as it exists, it is entitled to protection." In *Gregg v. Starks,* supra, plaintiff, a railroad conductor, sought to prevent his being transferred from a passenger run to a freight run which transfer would have been in violation of the provisions of the contract under which he was employed. The recognized rule that injunctive relief is unavailable to enforce contracts for personal service was held inapplicable because the action did not seek such relief but merely enforcement of rights under a subsisting contract of employment.

Appellants urge that all various labor relations acts, state and federal, recognize and generally establish an exception to the general rule. To state the contention is to answer it. The statutes represent an exercise of the public power of the several states and of the power of the federal government over interstate commerce. The power of any court which directs reinstatement is derived from legislation and limited to enforcement of

a proper order of the respective labor relations board. No change has been effected in the jurisdiction or power of a court of equity.

Seniority rights and other benefits are not independent and self-existing rights. They arise only as incidental to a valid subsisting contract of employment. Their origin and continuance depend upon the contingency of continued employment. Termination of the contract of employment, whether wrongful or not, destroys the source of the rights and thereby extinguishes the rights themselves. Those rights which might have been protected by a court of equity no longer exist, and will not be re-created by a decree of a court of equity requiring specific performance of a contract for personal services. The remedy, if any, is an action at law for damages. See *Ryan v. Reddington,* 240 Pa. 350, 87 A. 285; *McGee v. St. Joseph Belt Ry. Co.,* 235 Mo. App. 707, 133 S. W. 2d 675.

The order of the court below is affirmed. Costs to be paid by appellants.