## American Federation of Hosiery Workers et al. v. Weston et al.

*Morris Gerber*, of *Wisler, Pearlstine, Talone & Gerber*, for plaintiffs.

CORSON, J., June 20, 1947.—To plaintiff's bill defendant filed an answer and new matter on January 21, 1947.

On February 13th plaintiffs filed preliminary objections to this answer and new matter.

On February 25, 1947, defendant filed an amended answer and new matter. Plaintiffs again, on March 10, 1947, filed preliminary objections to defendant's amended answer and new matter. Defendant failing to again amend, on March 27, 1947, plaintiffs filed an order placing the second preliminary objections upon the argument list.

After argument before the court en banc, plaintiffs' preliminary objections to defendant's amended answer and new matter are before us for consideration.

Complainants are a labor union acting through its trustees ad litem and an individual Edward B. Tarpy, and defendant is an individual operating a hosiery mill.

Prior to the filing of the bill of complaint, plaintiff union, acting for defendant's employes in the hosiery mill, entered into a collective bargaining agreement with defendant which provided certain procedure for the settlement of grievances. Sometime after the signing of such contract individual plaintiff, Edward B. Tarpy, was discharged as an employe of defendant apparently upon the theory that he had attempted to steal certain of the hosiery products produced in the defendant's mill.

Plaintiff Tarpy thereupon placed in motion grievance machinery which ended in an arbitration hearing before the impartial arbitrator named in the bargaining contract. This arbitrator decided that while Tarpy's conduct had not been perfect, yet his discharge was too harsh a punishment and ordered that he should be reinstated as an employe with the forfeiture of two days' pay. Defendant refused to comply with this order and the present bill in equity followed.

Defendant practically admits the facts set forth in the bill; questions the relevancy of some of the facts alleged; and sets forth as new matter other parts of the bargaining agreement which, according to defendant's contention, allow the employer to discharge any worker "in accordance with the necessity of its business, provided in the case of a discharge from employment such discharge is in good faith".

Various questions of fact are also raised as to the propriety of the arbitrator's action. Defendant also raises various technical questions with reference to

whether the employe Tarpy complied fully with the requirements provided in the agreement as to the method of bringing a grievance before the arbitrator.

Plaintiffs ask for a summary judgment upon the pleadings. We feel that this judgment cannot be given at this time. We feel that this case should not be decided until a full hearing has been had and all the facts brought upon the record.

The present proceeding is somewhat similar to a motion for judgment for want of a sufficient affidavit of defense. Such a motion is never granted where the question of its allowance is in doubt. While there are several reasons that might prevent us at this time from giving the judgment asked, it is sufficient to say that we feel in the final analysis that this bill in equity seeks to enforce a contract of personal employment. As far back as the famous Lajoie case, a baseball club sought to have a mandatory injunction issued directing Lajoie to comply with his contract and play the position of shortstop for the baseball club. The court refused such an order and stated that the only thing it could do was to restrain Lajoie from playing baseball with any other club during the term of his contract with plaintiff club: Philadelphia Baseball Club, Limited, v. Lajoie, 202 Pa. 210 (1902).

In that case, of course, the court was asked to force a man to work in accordance with his contract. The present case is directly opposite in that plaintiff is an employe acting individually and through his union, seeking to force his employer to reinstate him as an employe and allow him to work.

Whether or not the fact that in the present case there was an arbitration agreement makes any difference may be a question but at the present stage of the proceedings we feel that the ruling of our Supreme Court in McMenamin et al. v. Philadelphia Transportation Co., 356 Pa. 88 (1947), negatives the right of plaintiffs to obtain judgment upon the pleadings. Coun-

sel for plaintiffs admits that there is no case in Pennsylvania specifically enforcing a contract of personal employment. Certainly, in view of that state of the law and in view of the McMenamin case, supra, this case should not be summarily decided upon preliminary objections.

And now, June 20, 1947, for the reasons given, it is ordered, adjudged and decreed that plaintiffs' preliminary objections to defendant's amended answer and new matter are dismissed and plaintiffs are allowed 30 days within which to file a replication to the answer, and answer upon the merits to the new matter or any other pleadings that plaintiffs may feel proper under the equity rules.