## Retail Cigar, Drug and Luncheonette Employees Union, Local 1034, etc., v. Sun Ray Drug Co.

*Felix & Felix,* for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen,* for defendant.

SMITH, P. J., March 22, 1949.—This matter comes before the court on defendant's motion to dismiss plaintiff's petition to show cause why an arbitration should not proceed.

The petition is brought under the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161, etc. Petitioner is an unincorporated labor union. Defendant is a Pennsylvania corporation engaged in the business of operating chain drug stores in and about the City of Philadelphia.

On August 21, 1947, petitioner and defendant corporation entered into a written collective bargaining agreement for the regulation of wages, hours and working conditions of the employes of defendant. Under the provisions of article 22, sec. 2 of the bargaining agreement, it is stated:

"All grievances and disputes arising *under the terms of this agreement* which cannot be settled between the union and the employer, shall be submitted to Dr. Robert Brecht or his appointee for adjudication within seven (7) days after the parties fail to settle any such dispute, the Arbitrator shall be requested by the parties to render a decision, if possible, within seven days after the submission of the controversy to him. The decision of the arbitrator shall be final and binding upon the parties hereto."

The petition, in paragraph 5, avers that on December 29, 1948, defendant violated the terms of the agreement between the parties by laying off a member of the petitioner union, one, Elena Tribuiana, by means of a subterfuge of releasing her to a store of a similar name but not part of defendant corporation.

The petition further avers that Elena Tribuiana had been employed at the store of defendant at Broad Street and Snyder Avenue, in the City of Philadelphia.

The answer of defendant to paragraph 5 of the petition is stated as follows:

"It is denied that defendant violated the agreement or laid off Elena Tribuiana, or used any subterfuge. On the contrary, it is averred that Elena Tribuiana voluntarily terminated her employment with defendant on December 29, 1948, as an employe at its Broad Street and Snyder Avenue store in Philadelphia, and accepted new employment at an increased salary in a job with increased responsibility at a retail store not owned or operated by defendant, but independently owned and operated by one Herbert Simons, at 40th and Chestnut Streets in the City of Philadelphia, where she worked until January 17, 1949."

The first question of fact is whether Elena Tribuiana, as a result of a subterfuge on the part of defendant, was induced to accept a position in the store situate 40th and Chestnut Streets, Philadelphia, and

whether she was induced to accept said position as the result of some statement to the effect that it was a part of the drug store system of defendant; or whether she voluntarily resigned her position with defendant corporation on or about December 28, 1948, and voluntarily placed herself under the employ of an independent agency.

It is apparent that if Elena Tribuiana of her own free will had resigned from the employment of defendant on December 28, 1948, and had taken a new position with an independent organization, plaintiff in this case would have no cause of action. Ignoring for a moment as to whether the Arbitration Agreement entered into between plaintiff and defendant comes within the provisions of the Act of April 25, 1927, P. L. 381, or not, there is no provision in the bargaining agreement for a question of this nature. This issue of fact should first be determined by a court and jury, or by a court alone if a jury trial be waived. In such an action at law, it could be found as a fact whether Elena Tribuiana had been improperly discharged as a result of a subterfuge on the part of defendant, or whether in fact she had voluntarily resigned prior to her discharge by a third party. This matter having been determined, it would then seem that she would have an adequate remedy at law to recover damages because of her illegal discharge.

As the record is here presented, the only question before the court is in regard to the proper procedural method of effectuating a determination of the enforcement of the employment rights of an alleged member of a union. It seems to us that the proper procedure would be in an action at law for damages. In a hearing before an arbitrator, if she asks to be reinstated as an employe of defendant, even if the arbitrator so found that she should be reinstated, we do not believe that the court should enforce such a mandatory con-

junction. It is even admitted by counsel for plaintiff, at the bar of the court, that the Pennsylvania Arbitration Act of 1927 is not broad enough in its scope to cover arbitration proceedings where the remedy sought is a mandatory decree to replace a discharged employe. Under the law we believe that this is so since under the law as it now exists in this Commonwealth, specific performance of a contract for personal services will not be granted and an award directing reëmployment will not be enforced: McMenamin et al. v. Philadelphia Transportation Company, 356 Pa. 88; Phila. Ball Club v. Lajoie, 202 Pa. 210. If the arbitrator could take jurisdiction in a matter of this kind, the most that he could do would be to make an award in damages, but we believe that this would be a needless proceeding since in an action at law, if it would be shown that there was a breach of contract, a jury could award damages for such breach.

While it has been decided by Judge Kun of Common Pleas Court No. 1, in Kaplan et al. v. Bagrier et al., 12 D. & C. 693 (1929), that the language in section 1 of the Arbitration Act of 1927, to wit, "except a contract for personal services" did not refer to collective bargaining agreements, we are not in accord with that statement. In Section 1 of the Act of 1927, it is stated:

"Validity of Arbitration Agreements.—A provision in any written contract, except a contract for personal services to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable. . . ."

We do not see how it can be contended, according to the petition of plaintiff, that she was not by her representative a party to a contract for personal services. The collective bargaining agreement itself is a contract for personal services between a union representing

its members and the employer of members of the union. The rights enjoyed by Elena Tribuiana under the bargaining agreement are controlled by the terms of this contract as made for her by her bargaining agent. The Sun Ray Drug Company in the bargaining agreement is referred to as the employer and the union described as the sole bargaining agency for all the store employes (with certain exceptions) of defendant. All through the agreement, the word "employer" and "employee" is used; the hours of work are specified, the rate of wages are stated, and in article 6, sec. 1, provision is made for the dismissal of employes by the employer for certain reasons. All of the provisions of the agreement relate to the personal services of the employe members of the union to the employer, the Sun Ray Drug Company.

The motion to dismiss, as filed by defendant, is based upon the following reasons:

"1. The Arbitration Act of 1927 is inapplicable to contracts for personal services.

"2. The act is inapplicable to controversies in which the relief sought is in the nature of a mandatory decree."

We believe that these reasons are well founded; as before stated, we do not believe that this particular bargaining agreement comes within the terms of the Arbitration Act of 1927. All the cases in this Commonwealth seem to indicate that the act does not apply in cases where the relief sought is in the nature of a mandatory decree. It would appear from a consideration of the cases from Phila. Ball Club v. Lajoie, supra, to the more recent cases, that the legislature has no intention of permitting the specific performance of a personal agreement for services. Since plaintiff is denied that right by the law of this Commonwealth, we see no reason why we should enlarge the scope of the Arbitration Act to bring within it the provisions

of the bargaining agreement. The action for damages, if one there be, can easily be tried in the law side of the court.

*Order*

And now, to wit, March 22, 1949, for the reasons stated above, the petition of plaintiff is dismissed.