## Berk v. Reading Company

*James K. Baker*, for plaintiff.

*Miles W. Kirkpatrick*, for defendant.

FLOOD, J., September 29, 1950.—Plaintiff's bill seeks restoration of his job with defendant and back pay from the date when he was furloughed, March 21, 1949. He was employed by defendant railroad in 1924 and in 1945 suffered an accident which resulted in the amputation of his arm. He was then given work commensurate with his disability but on March 21, 1949, was furloughed. Later all employes furloughed on that date were reinstated except plaintiff, who was senior to all of the others. He avers that he has at all times been ready and willing to perform the services assigned to him in 1945 and that he has always performed his services in a good and workmanlike manner.

Preliminary objections have been filed upon the grounds: (1) That any seniority rights plaintiff may have are based upon the union agreement and therefore the union is an indispensable party which has not been joined; (2) that the bill fails to set forth the material parts of the union agreement upon which any seniority rights of plaintiff must be based, and (3) that plaintiff has failed to allege the availability of the sort of work he could do or that any such work has been assigned to employes junior to him.

It would appear that objections (1) and (2) are well taken. We know of no authority for any rights based upon seniority of employes at common law. Such rights can arise only by virtue of contract. They are the fruit of contracts between unions and management in the normal case, and arise only incident to an employment contract: McMenamin et al. v. Philadelphia Transportation Company, 356 Pa. 88 (1947). This being so it cannot be determined whether or not plaintiff has any rights until the contract is exhibited. It should therefore be attached as part of his pleading. He argues that defendant knows the terms of the contract. The reply is that the court must know them in order to determine the rights of the parties. However, this mat-

ter loses its importance in view of a serious question of jurisdiction which arises in this case and which the court must notice even though neither party raises it.

Defendant has called to our attention the decisions of the United States Supreme Court in the cases of Slocum v. D. L. & W. Railroad Co., 339 U. S. 239 (1950) ; Order of Railway Conductors v. Southern Railway Co., 339 U. S. 255 (1950). These cases hold that in disputes between carriers and their employes growing out of grievances or the interpretation or application of agreements concerning rates of pay, rules, or working conditions, State courts have no jurisdiction when the National Railway Adjustment Board has not acted. The language of the court goes further and says that the adjustment board's jurisdiction to adjust grievances and disputes of the type here involved is exclusive: Slocum v. D. L. & W. Railroad Co., supra, at p. 244. In both cases the carrier sought to have the terms of a collective bargaining agreement interpreted by a State court and in both cases the union's objection to jurisdiction was upheld.

Although the result of these decisions may be to deprive some litigants of their day in court (Reed, J., dissenting, in Slocum v. D. L. & W. Railroad Co., supra, at p. 252), we are bound by them. If it be argued that the effect of the decisions is confined to cases in which some party objects to the court's jurisdiction, the answer is that the court's jurisdiction over subject matter cannot be conferred or withdrawn at the will of the parties. If the court has no jurisdiction over such cases, failure of any party to object cannot confer it.

While the above decisions stand unreversed, it is our opinion that we have no jurisdiction to determine a case such as that now before us, and therefore the action must be dismissed under Pa. R. C. P. 1032(2).

The action is dismissed for lack of jurisdiction.