MANUEL C. MELLO *vs.* LOCAL 4408 C.I.O.
UNITED STEELWORKERS OF AMERICA *et al.*

JUNE 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

BAKER, J. This amended bill in equity was brought by a discharged employee of the Nicholson File Company, one of the respondents, to obtain reinstatement in his former position with such corporation and for certain other incidental relief in that connection. The other respondents are Local 4408 C.I.O. United Steelworkers of America, a labor union representing the employees in said corporation's plant in Providence, and Sidney L. Larson, individually and as business agent of such Local. This proceeding was before the superior court on respondents' demurrers to the bill of complaint. The trial justice sustained the demurrers and dismissed the bill as to all respondents. From the entry of

decrees to that effect complainant duly prosecuted his appeal to this court.

A general summary of the bill shows the following pertinent allegations: That the complainant, a skilled laborer, had been an employee of the above-mentioned corporation for about fifteen years; that he was a member in good standing of Local 4408; that about September 12, 1950 an agreement was made between said corporation and the United Steelworkers of America whereby complainant as a member of said union and as an employee of the corporation received certain rights and benefits; that on January 7, 1952 he was discharged without just cause by his employer on the ground, among others, that he had been involved in bookmaking in his place of employment; and that he denied having been so involved.

He further alleged that he requested an adjustment of his grievances under articles X and XIV of the agreement hereinbefore referred to; that the provisions of those articles, both of which are set out in the amended bill, were not complied with by Local 4408 and the Nicholson File Company; that said articles were for his benefit; and that he exhausted his remedies thereunder by complying with their provisions and by attempting to invoke the grievance and other procedures as set out therein.

In addition complainant alleged that about February 26, 1952 at a regular meeting of Local 4408 respondent Sidney L. Larson and two other officers of said Local presided; that a discussion arose as to whether the union should go to arbitration, under the provisions of article XIV, to protect complainant's rights; that without any vote having been taken by the union members it was decided by the three officers presiding that no arbitration between the union and the employer was required; that because of the failure on the part of Local 4408 and the Nicholson File Company to comply with the terms of the agreement complainant was deprived of his valuable job; that he asked the union officials

to process his grievance to arbitration and to submit that issue to the union members but neither was done; and that thereafter he attempted to exhaust his remedies under the constitution and by-laws of Local 4408 by claiming an appeal to the International Union and the International Executive Board under the proper provisions of its constitution, but that the union and the board and its representatives refused or failed to hear the same and said appeal was futile.

Article X of the agreement was entitled "Discharges and Discipline." It contains among others the following provisions:

> "(a) The Company shall have the unquestioned right to discharge or discipline any employee at any time within sixty (60) days after the commencement of his employment, said sixty-day period to be deemed a probationary period.
>
> (b) The Company will notify the Union immediately upon discharge of an employee and written notice will be given to the Union by the Company not later than one working day following such discharge giving reasons for said discharge.
>
> * * *
>
> (d) In the event that the Union claims that the discharge or discipline of any employee, other than a probationary employee, has been without just cause, and if after compliance with the procedure for the adjustment of grievances set forth in Article XIV hereof commencing with Step 3 thereof it shall be determined that such discharge or discipline was without just cause, said employee shall be forthwith re-instated in employment by the Company and shall be paid retroactive pay to the date of his discharge or discipline * * *."

Article XIV of the agreement was termed "Adjustment Of Grievances" and contains the following language:

> "(a) A grievance is defined as any controversy between the Company and the Union or between the Company and its employees covered by this Agreement as to (a) hours, wages and working conditions, or (b) a charge of violation of this Agreement, but not

any controversy as to questions involving changes in the terms and provisions of this Agreement.

Should any grievance arise in the Company's plant, both parties agree that an earnest effort shall be made to settle such grievance immediately in the following manner * * *."

Five steps to be taken thereunder are then set out leading up to an arbitration of any difficulty.

The decrees appealed from sustained the demurrers to the amended bill of complaint on the grounds that it set forth no cause for relief in equity and did not show that complainant was without an adequate remedy at law.

The complainant contends that although he is not a party to the collective bargaining agreement, nevertheless he is entitled to certain benefits thereunder; that his employer and the union should be ordered to comply with and act under articles X and XIV thereof; and that the court should order him to be reinstated with retroactive pay. An examination of said articles, which are set out in the bill, shows that both contemplated arbitration as the method of settling difficulties which might arise thereunder. Apparently article X does not become operative unless the union claims that the discharge or discipline of any employee has been without just cause. See paragraph (d) thereof. It is not alleged in the bill that Local 4408 made such a claim. In fact complainant in substance alleged that the Local failed to act and he therefore prayed that the court compel it to do so. Article XIV would appear to limit the questions of grievances to hours, wages, working conditions and a charge of violation of the collective bargaining agreement itself.

However, as support for his position herein complainant relies chiefly on the case of *Gregg* v. *Starks*, 188 Ky. 834. In that case by an injunction a railroad employee was prevented from being displaced from a position which he had been holding. On its facts it clearly differs from the instant case. Moreover with respect to the application of the broad

principle of specific performance of a contract of employment, in a situation as here presented, the great weight of authority is *contra* to the *Gregg* case. We decline to follow it in view of what this court held in *Smart* v. *Boston Wire Stitcher Co.*, 50 R. I. 409, 417, which was decided subsequently to the above-cited case. In relation to the pertinent general principle of law this court stated: "The remedy of specific performance is not a right of complainant but rests in the sound discretion of the court guided by the principles of equity. * * * Equity will not enforce by decree of specific performance a contract calling for personal services." See also 2 Rest., Contracts, §§379, Comment a., 380.

The fact that in the present cause we are dealing with a collective bargaining agreement under which complainant claims to be a beneficiary does not change the application of the above-mentioned general principles of law as to specific performance of a contract for employment. Thus equity can neither compel the Nicholson File Company to re-employ complainant nor the union to take action to bring about his reinstatement. In *McMenamin* v. *Philadelphia Transportation Co.*, 356 Pa. 88, 92, where discharged employees sought reinstatement by means of injunctive relief, the court stated: "The power of any court which directs reinstatement is derived from legislation and limited to enforcement of a proper order of the respective labor relations board. No change has been effected in the jurisdiction or power of a court of equity. * * * Termination of the contract of employment, whether wrongful or not, destroys the source of the rights and thereby extinguishes the rights themselves. Those rights which might have been protected by a court of equity no longer exist, and will not be re-created by a decree of a court of equity requiring specific performance of a contract for personal services. The remedy, if any, is an action at law for damages."

Further, concerning a collective bargaining agreement made by a union which was the exclusive representative for

all the company's employees, it was held in *Moen* v. *Director of Division of Employment Security*, 324 Mass. 246, 249: "The right of the claimant to deal with the company with respect to these matters was surrendered to the union. * * * The claimant was bound by the agreement made on his behalf by the union to the same extent as though he had entered into it individually."

Finally complainant argues that having failed to obtain arbitration in accordance with the agreement, he is entitled upon the authority of *Grosvenor* v. *Flint*, 20 R. I. 21, to have this court decide under his bill the question of whether he was wrongfully discharged. In our opinion he is not entitled to such relief. The above-cited case was before the court on the merits whereas the instant case is before us for review of pleading only, and further the *Grosvenor* case is clearly distinguishable on its facts. In *Cooke* v. *Miller*, 25 R. I. 92, it was held in substance that there was a distinction between enforcing arbitration in executory contracts and those in which there had been part performance and the matter of arbitration was not the main part but only an incident of the contract.

In the instant cause the contract is clearly executory, there has been no part performance, and the matter of arbitration is the gist of the pertinent provisions of the contract and not simply an incident thereof. Furthermore, the instant bill is not brought by any party to the agreement in question but by one who merely might benefit if the arbitration provided for therein was held and resulted successfully. In the circumstances appearing from the bill we find no such equitable right in the complainant, as he urges, to have this court compel arbitration by the respondents or itself to determine the question at issue between the parties and order a reinstatement.

The complainant's appeal is denied and dismissed, the decrees appealed from are affirmed, and the cause is remanded to the superior court for further proceedings.

*John Quattrocchi, Jr.,* for complainant.

*Michaelson & Stanzler, Milton Stanzler,* for respondents Local 4408 C.I.O. United Steelworkers of America and Sidney L. Larson.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Stephen B. Ives, Jr.,* for respondent Nicholson File Company.