## Topper v. York Gazette Company

*Samuel K. Gates*, for plaintiff.

*Thompson J. McCullough*, for defendant.

BUCKINGHAM, J., July 10, 1974.—Plaintiff sued defendant in equity, alleging that defendant offered to employ him, that plaintiff accepted and, in reliance

thereon, the same day quit his higher paying job in Mechanicsburg, Pa., to go to work for defendant. It could be inferred from the complaint that plaintiff made the change to obtain defendant's union benefits. The complaint further alleges that the day after plaintiff accepted, defendant rescinded its offer and, as a result, plaintiff has been out of work ever since. He requests the court to require defendant to specifically perform the contract of employment, to permit plaintiff to join defendant's union and to award plaintiff punitive damages and attorney's fees.

Defendant has filed preliminary objections to the complaint in the form of a demurrer, a motion to strike the demand for punitive damages and attorney's fees and a motion for a more specific complaint relative to paragraph 8 of the complaint which defendant contends alleges that the parties had an agreement whereby plaintiff could not be discharged without cause.

The demurrer is based on the contention that under the facts alleged, the parties had no more than a contract of employment terminable at will, rescindable at the option of either party. We think the case is governed by Matthews v. Pennsylvania Perlite Corporation of York, 38 D. & C. 2d 95, 79 York 180 (1965). There, plaintiff alleged that defendant requested him to move from Schuylkill Haven, Pa., to York, Pa., and in consideration of this move, offered to hire him as a salesman. Plaintiff further alleged that before he could go to work, defendant reneged on the agreement and refused to employ him. Defendant demurred to the complaint on the ground that no cause of action existed because the contract was terminable at will. The court overruled the demurrer and, while recognizing the general rule that where a contract does not specify a definite term or prescribe conditions which

shall determine the duration of the contract, it is terminable at will and plaintiff has the burden of overcoming this presumption. The court said:

"If the consideration for the contract is something more than the performance of the work agreed to by plaintiff, such as an agreement to move from a distant community to the place of employment (Lucacher v. Kerson, 158 Pa. Superior Ct. 437), or the sale of a business (Weidman v. United Cigar Stores Co., 223 Pa. 160), the contract ceases to be terminable at will, and will extend at least for a reasonable time: Lubrecht v. Laurel Stripping Company, supra. Here, plaintiff alleges a consideration other than the employment itself, which under the authorities cited takes the contract out of the category of one terminable at will. It is not necessary to express any opinion at this point on the question of whether this was a contract to extend for a reasonable time or for a specified period."

In the present case, to determine whether it was a hiring at will or a contract for a definite time, the court's ultimate guide is the intention of the parties and in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objections they apparently had in mind and the nature of the subject-matter of the agreement: Gillian v. Consolidated Foods Corporation, 424 Pa. 407 (1967). Since the complaint alleges that plaintiff quit his job in Mechanicsburg, Pa., it is implicit that defendant knew that plaintiff, in reliance on the offer of employment, would exchange the Mechanicsburg area for the York area. Under those circumstances, the demurrer must be dismissed.

Defendant is, nevertheless, correct when it says that the case must be certified to the law side of the

court. Plaintiff seeks to compel specific performance of a contract of employment. However, equity will not take jurisdiction in such a situation because plaintiff has an adequate remedy at law in an action of assumpsit: McMenamin v. Philadelphia Transportation Company, 356 Pa. 88 (1947). In that case, plaintiffs sought a mandatory injunction to compel their reinstatement as employes of defendant. They argued that they would lose valuable property rights, such as seniority rights, health insurance, life insurance and pension benefits inuring under a collective bargaining agreement, if the court did not compel defendant to rehire them. In affirming the order of the lower court which refused to take equity jurisdiction and certified the case to the law side, the court said, at page 91:

"Seniority rights, life insurance, health insurance, and pension benefits, secured to an employee by virtue of the contract of employment do constitute property rights which a court of equity will protect: Heasley v. Operative Plasterers & Cement Finishers International Association, Local 31, 324 Pa. 257, 188 A. 206. Distinction must be recognized, however, between existing property rights which have as their source a valid and subsisting contract of employment, and inchoate or potential rights which could become real only by establishment or reestablishment of a contract of employment. In the former case, an employee may seek the aid of a court of equity to protect and secure the benefits of those existing rights. In the latter, either the rights have never vested because no contract of employment ever existed or they no longer subsist because of the termination of the contract. Recognition of such nebulous rights could only be had, and protection afforded, as appellants here seek, by a decree compelling an employee

to work for another or an employer to hire or re-hire an undesired servant.

"Appellants recognize the rule that a court of equity will not grant specific performance of a contract for personal services. Admittedly, enforcement of negative covenants is not here involved. Cf. Philadelphia Ball Club, Limited, v. Lajoie, 202 Pa. 210, 51 A. 973."

and at page 93:

"Seniority rights and other benefits are not independent and self-existing rights. They arise only as incidental to a valid subsisting contract of employment. Their origin and continuance depend upon the contingency of continued employment. Termination of the contract of employment, whether wrongful or not, destroys the source of the rights and thereby extinguishes the rights themselves. Those rights which might have been protected by a court of equity no longer exist, and will not be re-created by a decree of a court of equity requiring specific performance of a contract for personal services. The remedy, if any, is an action at law for damages."

Defendant's motion to strike off the claim for punitive damages and attorney's fees must be granted. The leading case of Hoy v. Gronoble, 34 Pa. 9 (1859), which has never been overruled, specifically holds that in a suit for a breach of contract to employ, no claim may be made for punitive or vindictive damages. It is also the law that, in such a suit, plaintiff may not recover attorney's fees in the absence of express statutory allowance of the same: Smith v. Equitable Trust Company (no. 1), 215 Pa. 413 (1906), or unless clearly agreed to by the parties: Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 404 Pa. 541 (1961).

Defendant's motion for a more specific pleading

must be dismissed. Defendant contends that paragraph 8 of the complaint which reads: "the recision of the offer was . . . to prevent plaintiff from joining the defendant's union, thereby preventing his discharge without just cause," is the equivalent of an allegation that the parties had an agreement that plaintiff could not be discharged without cause. We do not so construe the paragraph. Plaintiff is simply referring to the union protection he would have received if he had commenced his employment with defendant under the contract. Whether this is relevant at trial remains to be determined. We, therefore, enter the following:

### ORDER

And now, July 10, 1974, defendant's preliminary objections in the nature of a demurrer and a motion for a more specific pleading are overruled and dismissed, defendant's motion to strike off plaintiff's claim for punitive damages and attorney's fees is granted and the case is hereby certified from the equity side of the court to the law side of the court, with leave to defendant to file an answer to the complaint within 20 days of the date of this order.

An exception is granted to both parties.