## Fix v. City of Philadelphia

*James D. McCrudden,* for plaintiff.

*James J. Kerwick,* Assistant City Solicitor, for defendants.

ALEXANDER, Sr., J., August 15, 1974. This action in equity was tried before the Chancellor on May 21, 1974. Briefs, suggested findings of fact and conclusions of law have been submitted by the parties.

The issue involved is the amount of compensation to which plaintiff, a deputy chief of the Philadelphia Fire Department, is entitled in accordance with his rank and pay scale. The issue arose following the publication of an opinion by a board of arbitrators which reviewed the pay scale and employment ratings of the firemen and bound the parties to an award in accordance with an agreement between the City of Philadelphia and the Philadelphia Fire Fighters, the bargaining representative of the firemen.

The arbitration award was for the one-year period commencing July 1, 1971.

It reviewed the pay scale for each rank in the Fire Department. Prior to the arbitration award, the rank of fire deputy chief had a six-step pay scale, each step being an annual increase in salary. The arbitrators concluded that the six-step pay scale should be decreased to four steps, and that the pay received in each of the four steps should be increased in accordance with the schedule of increased pay stated in its award.

On June 30, 1971, plaintiff was in pay step 4 of the six-step pay program. His pay was $14,777 per year. Upon the effective date of the arbitration award, plaintiff was placed in step 2 of the new four-step pay schedule for deputy fire chief, and commenced receiving an annual salary of $15,488, plus an increase of $750, granted to all firemen by the award, or a total pay of $16,198.

In accordance with the testimony presented in this case, the court makes the following:

## FINDINGS OF FACT

1. Prior to July 1, 1971, plaintiff, Jack Fix, was a deputy fire chief of the Philadelphia Fire Department, receiving a salary in accordance with step 4 of the six-step pay plan then effective of $14,777.

2. That in accordance with a binding arbitration agreement between the parties, a board of arbitrators submitted a detailed opinion and award dealing with the pay scale of the Philadelphia Fire Department, which award became effective on July 1, 1971.

3. The said award eliminated two of the four steps of the former pay scale for the rank of deputy fire chief.

4. The arbitration award increased the pay in each pay step and granted an across-the-board pay increase to every fireman of $750 per year.

5. That on July 1, 1971, plaintiff was placed in step 2 of the four-step pay schedule of deputy fire chief and commenced receiving a salary of $15,448, plus the $750 general increase, or a total salary of $16,198.

6. Subsequently, plaintiff has been increased in the deputy fire chief pay scale to step 3 (on April 1, 1972) and to step 4 on (April 1, 1973), the highest pay step for that position.

## DISCUSSION

The sole issue involved in this case is whether or not the City of Philadelphia unfairly and inequitably treated plaintiff when he was placed in pay step 2 on July 1, 1971, the effective date of the award of the arbitrators. It must be kept in mind that he was previously in step 4 of the old six-step pay scale for the rank of fire deputy chief, and that by being placed in step 2 of the new pay scale for the same rank, he was obliged to complete six steps of the pay scales for his rank, rather than just four steps. The four-step program was determined by the arbitrators to be a more desirable pay scale than the previous six-step pay scale.

Plaintiff contends that by making him complete a total of six steps in the pay scales for deputy fire chief, that he was inequitably treated and that he should have remained in pay step 4 under the new pay scale, because he had already reached pay step 4 under the old pay scale.

However, had plaintiff been permitted to remain in pay step 4 under the new pay scale, the pay increase which he would have received would have been far in excess of that announced by the arbitrators in their award as applicable to all firemen and fire officers. In other words, had plaintiff been permitted to remain in new pay step 4, rather than being placed in new pay step 2, the salary increase which he would have realized would have been in excess of that realized by the other firemen and fire officers in accordance with the award of the arbitrators.

Accordingly, the court enters the following:

## CONCLUSIONS OF LAW

1. Equity has jurisdiction of this matter involving the employment rights of plaintiff in accordance with the opinion and award of the board of arbitrators,

dated May 11, 1971, and effective July 1, 1971: McMenamin et al. v. Phila. Trans. Co., 356 Pa. 88 (1947).

2. The award of the board of arbitrators involved in this matter, dated May 11, 1971, and effective July 1, 1971, is a binding award between the Philadelphia Fire Fighters, representing the firemen, and the City of Philadelphia, the employer.

3. The said award of the board of arbitrators is binding and controlling upon the rights of plaintiff in this case, Deputy Chief Jack Fix, a fire officer of the Philadelphia Fire Department.

4. That the Personnel Department of the City of Philadelphia properly and equitably placed plaintiff in new pay step no. 2 for the rank of fire deputy chief, effective July 1, 1971, in accordance with the said award of the board of arbitrators.

5. That plaintiff was properly and equitably placed in new pay step no. 2 for the rank of fire deputy chief, even though he had previously been in old pay step no. 4 for the rank of fire deputy chief, because the said new pay step no. 2 afforded plaintiff the percentage and across-the-board increases in pay to which plaintiff was entitled under the said binding award of the board of arbitrators, effective July 1, 1971.

6. That subsequent to July 1, 1971, plaintiff has received increases in pay in accordance with the said award of the board of arbitrators.

## DECREE NISI

And now, to wit, this 15th day of August 1974, upon careful study and consideration of the pleadings and evidence in this case, it is hereby ordered and decreed that plaintiff's complaint in equity is dismissed and that unless exceptions are filed hereto within 20 days from the date hereof, a final decree shall be entered in this case upon the praecipe of defendant, the City of Philadelphia, in favor of defendant and against plaintiff.