## Schaffer v. Mack Trucks, Inc.

*Donald H. Lipson*, for plaintiff.
*Wilbur C. Creveling, Jr.*, for defendant.

DIEFENDERFER, *J.*, May 26, 1981—This case comes before the court pursuant to defendant's preliminary objections in the nature of a demurrer. Arguments were heard on April 1, 1981.

Plaintiff in this case alleges that he had been employed in the engineering department of defendant, Mack Trucks, Inc., since September 23, 1957. On or about October 14, 1963 he was required to and did execute an employment agreement which provided, inter alia, that he devote his full time and efforts to the performance of his duties assigned, will not become employed by a competitor, will not divulge company information to other parties and an acknowledgment that inventions are the property of the company. Plaintiff continued his employment and received merit increases and promotions until August 11, 1980 when he was discharged from further service with the company allegedly without just cause. Plaintiff then instituted this suit in equity for reinstatement to his former position and that defendant be required to pay compensatory damages. Defendant then filed preliminary objections in the nature of a demurrer.

Preliminary objections are governed by Pa.R.C.P. 1017. A demurrer by defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purpose of testing the legal sufficiency of the challenged pleadings. It does not admit the pleader's averments or conclusions of law. To sustain preliminary objections in the nature of a demurrer, the law will not permit recovery by plaintiff. The law is clear that a demurrer can only be sustained in a case free from doubt: Pike County Hotels Corp. v. Kiefer, 262 Pa. Superior Ct. 126, 396 A. 2d 677 (1978); Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976).

Plaintiff alleges he performed all services required of him by defendant in a proper and efficient manner and in accord with standards expected of him. He states he educated himself in the practical experience and formal courses for the trucking industry and effectively removed himself from the job market.

Plaintiff alleges that in consideration for plaintiff signing the employment agreement on October 14, 1963, plaintiff would continue to have employment with defendant unless he be dismissed for just cause.

The issue presented is whether an employe of a private corporation who alleges he has been wrongly discharged from employment can maintain an action in equity seeking reinstatement to employment. The leading case in this area of the law is McMenamin v. Philadelphia Transportation Company, 356 Pa. 88, 51 A. 2d 702 (1947). This case involved employes of the transport company who were out on strike when they were ordered back to work by the Federal government during

wartime. They were slow in reporting back and when they did, they discovered they had been terminated. They brought suit and the Pennsylvania Supreme Court held equity would not enforce specific performance of a contract for personal services. The court felt that if there was a remedy, it was to be obtained on the law side.

Plaintiff argues that times and circumstances have changed and the time is now proper to enforce in equity by specific performance contracts for personal services. The employment situation has changed so that these relationships are not as close so as to justify this requirement any longer. In this country an employer has always been free to hire and fire freely, unless outside restrictions are imposed such as contracts or statutes. The courts have seemed much more liberal now in allowing a cause of action against an employer for discharging an employe, but only if the firing is demonstrated to be done with either an "ulterior purpose" or "disinterested malevolence." The cases that have recognized the cause of action are in law rather than in equity. See Geary v. United States Steel Corporation, 456 Pa. 171, 319 A. 2d 174 (1974). So to maintain an action, specific intent to cause harm must be pleaded, and merely to state the firing was done "intentionally, wrongfully, maliciously, fraudulently, deceitfully and without justification" is not enough.

The courts have still not recognized a right to sue in equity for specific performance of a contract for personal service, but have recognized in certain instances that a cause of action will lie at law. This court is not ready to change this law. This case in equity is hereby certified to the law side and the equity suit is dismissed.

## ORDER

And now, May 26, 1981, defendant's preliminary objections in the nature of a demurrer are sustained and this case is transferred to the law side of this court. Defendant shall have the right to file any and all pleadings allowed by Pennsylvania Rules of Civil Procedure relative to plaintiff's complaint now certified to the law side of this court.